Wilson, P. J.
The parties to this suit entered into a written contract whereby it was agreed that the plaintiff, Steele, should place a stock of goods and maintain a store at the place where defendant company was conducting mining operations, and that he would also take charge of and maintain a boarding-house at such place for the boarding, at a stipulated price per week, of defendant’s officers and employees. The defendant company agreed to furnish a store room, and the boarding-house and utensils connected therewith, rent free. Among the stipulations in the contract was one that defendant “agrees to aid said Steele in collecting board, and in all legitimate ways in sustaining said store and boarding-house.” This suit was brought by Steele to recover the amount of the balance alleged to be due to him for the board and store accounts of a number of defendant’s employees. Judgment was in his favor for the full amount claimed, and from this defendant appeals.
It was shown by the evidence on the part of *218 •plaintiff that after putting in the stock of goods and. taking charge of the store and boarding-house, but before commencing to operate them or opening any accounts, it was agreed verbally between plaintiff and the general manager of the defendant company that the company would pay to plaintiff the board and store accounts of the employees, and deduct such amount from their wages. That thereafter, in pursuance of this verbal agreement, it was the uniform practice and custom of the parties for Steele to render direct to the company, twice a month, a statement of his account, showing the amount due to him by each employee for board and on store account; that this statement of account was audited by the manager of the company and paid to plaintiff by the company’s treasurer. Nine such statements were rendered, audited and paid. Three' other statements were rendered and audited by the general manager, but were not paid upon presentation to the treasurer, owing to lack of funds in the treasury, and these are ■the subject of this suit. It was further shown that Steele never rendered any. accounts to the employees, but to the company direct as has been stated, and that the sums due upon the.statements of account involved ■in this suit had been deducted by the company from the wages of the employees. No evidence was offered on the part of defendant.
• The oral testimony received with reference to the verbal agreement between plaintiff and the general manager did not tend to vary the terms of the written contract. The latter contained only a general understanding on the part of the defendant to aid the plaintiff in every legitimate manner in the collection of his. accounts. There was no attempted specification as to how or in what manner this aid should be extended. As it then stood, it was of no practical or legal effect. Plaintiff could not have *219 maintained an action upon it. ' The verbal agreement went a step further, but by no means conflicting of varying with the written contract, and provided how this assistance should be rendered. The provision, too, it is a matter of common knowledge, is one customary in enterprises of that character, and one which, nothing appearing to the contrary in the case here presented, was within the scope and authority of. the general manager to enter into. The verbal contract was manifestly a separate and independent one, and evidence as to its terms was clearly admissible. . It is upon this contract -the suit is based, and can be maintained.
It is claimed, how’ever, that this agreement was, one to answer for the debt of another, and hence not being in writing, came within the inhibition of the statute of frauds. The evidence shows the undertaking was primary, not collateral. — Coal Co. v. Liddell, 69 Ill. 640. Conceding, however, — which we do not, — that it was an agreement to answer for the debt of another, it can avail defendant nothing. For- one reason, and a conclusive one, the statute was not pleaded. — Hamill v. Hall, 4 Colo. App. 296. For another, equally conclusive, it appears that the defend-ant had withheld from the wages of its employees, and therefore collected, the amounts due in money to plaintiff upon these several statements of account,’ and instead of paying it over to plaintiff, had retained it. It became, therefore, so much money received by it to the use of plaintiff, and having received and retained it, the debt became its own, and not that of another. — Hamill v. Hall, supra.
There was no stipulation that the testimony given by a witness on the trial of the cause in the county court should be proved on the trial in the district court by the notes of the official reporter of the *220 county court, and it was not error to exclude such offer.
The judgment will be affirmed. Affirmed.