[No. 5431.]
[No. 3089 C. A.]

## PETTIT v. MAYHEW ET AL.

1. **Statute of Frauds—Defense—Necessity of Pleading.**

The statute of frauds, if relied on as a defense, must be specially pleaded either by demurrer or by answer, as the case may be.—P. 276.

2. **Appellate Practice—Assignments of Error—Necessity.**

To insure consideration of a subject by the supreme court, it must be covered by an assignment of error,—P. 276.

3. **Appellate Practice—Findings on Conflicting Evidence.**

Findings by the trial court on conflicting evidence will not be disturbed on appeal.—P. 277.

*Appeal from the District Court of Teller County. Hon. William P. Seeds, Judge.*

Action by Lafe Pettit against George W. Mayhew and W. B. Pullen. From a decree dismissing the complaint, plaintiff appeals.      *Affirmed.*

Mr. GEORGE H. KOHN, for appellant.

Mr. HENRY H. CLARK, for appellees.

Mr. JUSTICE HELM delivered the opinion of the court:

Appellant was the owner of a one thirty-second interest in a certain lease on the W. P. H. and other lode mining claims in Teller county. The lease was not taking care of itself, and for several months he paid the assessments made upon his interest for operating expenses. But on August 10th or 12th, 1902—the exact date is uncertain—being in arrears for the July and June assessments, he was requested to make payment of the amount so due. According to the testimony of one Harding, who was manager and collected these assessments, plaintiff in response to such request, said: "I don't believe I will put any more money in it. I have carried it long

enough." Also, "I will transfer all my interest in the lease to Mayhew and Pullen, and will sign any paper that you may get up to that effect." Likewise, "At any time that you will bring me a paper, I will sign it." Appellant not only did not pay the June and July assessments, but he also discontinued bearing any portion of the leasing expenses, and gave no further attention thereto. He subsequently went to Tacoma, Washington, and did not return till shortly before commencing this action.

Mayhew and Pullen, thus mentioned, were the original lessees, and any interest relinquished or abandoned by sublessees reverted to them. The material portions of the testimony of Harding were contradicted by appellant and the witness Frame.

At the time of the foregoing conversation the lessees had been obliged to advance between $8,500.00 and $9,000.00; but shortly thereafter the property began to pay expenses, and from December, 1902, a monthly profit was realized from the lease.

On the 8th of April, 1903, appellant began the present action to have his one thirty-second interest in the lease recognized, and to recover from Mayhew and Pullen a corresponding proportion of the profits previously realized from the undertaking. He admitted his default in the July and June assessments, and that he had paid no assessment since, but claimed that in the conversation of August 12th, above mentioned, he demanded from Harding a statement of the account before making payment of the sum due from him, and that later in August and in October he repeated this demand; that such statements were rendered monthly, and one was promised in this instance, but was never furnished; and that he was then ready and has ever since been ready to make such payments upon the production of said statement.

The cause was tried to the court. And, upon completion of the evidence and argument, the court made special findings of fact and entered a decree dismissing the complaint.

Two propositions are now urged for a reversal of that decree, viz.: that appellant's one thirty-second of said lease constituted an interest in realty which, under the statute of frauds, could not be surrendered except by writing; also, that the evidence received at the trial did not in any event justify the court's finding or decree.

Upon the first of the foregoing questions it is sufficient to say that the statute of frauds is a defense of which defendant may or may not avail himself. If he desires to take advantage thereof, unless the infirmity appears in the complaint, he must affirmatively plead it by answer and he must rely upon it at the trial. This appellant did not do; nor did he in any other way raise or attempt to present the question in the court below. Even in the assignments of error here this subject is unmentioned. The first allusion to the statute of frauds occurs in appellant's printed brief supporting the present appeal.

The propositions that this statute, if relied on, must be specially pleaded as a defense either by demurrer or by answer, as the case may be, also that to insure consideration of a subject by this court it must be covered by an assignment of error, are too well known to require the citation of authorities. Hence this branch of appellant's contention must be denied.

The court below was, therefore, at liberty to consider from the evidence whether appellant had relinquished his interest in the lease, notwithstanding the fact that such relinquishment was not in writing. And it is unnecessary for us to follow counsel with a discussion of the distinction between a relinquish-

ment or surrender and an abandonment of appellant's interest as sublessee.

Turning to the other subject urged for reversal, i. e., that the findings and judgment of the court below are not sustained by the evidence, the position of appellant is also untenable.

The findings of the district court touching the surrender of appellant's interest and upon other questions involved, are in accord with testimony disclosed by the record. Some of this testimony is, it is true, contradicted by evidence offered on behalf of appellant. But the trial court resolved such conflicts in favor of appellees, and interference by us upon this ground would be unwarranted. The judgment must be affirmed.                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.