[No. 7687.]

## KINGSBURY v. VREELAND.

1. VENUE—*Change of Venue—Time of Application—Waiver.* The right to change the venue of an action brought in a county other than that prescribed by the statute is a mere personal privilege, and ordinarily is considered as waived by a general appearance and an answer to the merits; or if the application is not interposed in apt time. (214)

Summons was served on defendant on July 2nd; August 15th he filed a demurrer to the complaint; November 5th an amended complaint was filed; on the 11th of January following defendant filed his answer thereto and on March 30th, his motion for a change of venue. *Held* not in apt time. (214)

2. PLEADINGS—*Judgment Upon,* is not to be granted when the defect complained of is one which may be cured by amendment. (215)

3. ——*Amendments—Discretion of the Court.* Amendments, and the time they may be filed, are largely in the discretion of the trial court. (215)

4. ——*New Cause of Action.* The original complaint alleged the sale by plaintiff to defendant of an auto car, and that plaintiff, upon defendant's paying therefor on delivery, would accept in part payment a certain second hand car. An amended complaint made no allusion to the second hand car. The answer set forth the agreement as to this car, and claimed a credit therefor. An amended reply admitted the agreement, but alleged that it was upon condition that defendant should pay the residue of the purchase price of the car sold, by a certain day, and that this condition was not complied with.

In the same case the original reply admitted a defect in the car

sold, which plaintiff promptly replaced and corrected. The amended replication omitted this admission and averred that the car sold was perfect in all its parts.

The court declined to say, in either case, that the amendment stated a new cause of action, or was a departure.

5. ——*Matter not Alleged.* A fact nowhere alleged in the pleadings is not to be invoked to discredit the findings. (219)

6. BILL OF EXCEPTIONS—*When Necessary.* There being no bill of exceptions the court declined to say that the trial court abused its discretion in allowing an amendment of the reply during the trial. (215)

Prejudice of the trial judge was relied upon as ground of a motion for a new trial, and an affidavit setting up a conversation occurring during the trial, in which his honor presiding exhibited temper, was relied upon to establish this prejudice. The court declined, upon this partial showing of the occurrences of the trial, to overrule the action of the trial judge, denying the motion. (217)

*Error to Denver District Court.*—Hon. GREELEY W. WHITFORD, Judge.

Mr. CHARLES W. FRANKLIN, Mr. H. A. HICKS, Mr. CHARLES ROACH, for plaintiff in error.

Messrs. VAN CISE, GRANT & VAN CISE, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

As no bill of exceptions has been preserved, our consideration of alleged errors must be limited to matters covered by the record proper. This action was instituted in the District Court of the City and County of Denver to recover a part of the purchase price, etc., for an automobile sold and delivered by the plaintiff to the defendant, also for services and expenses alleged to have been rendered and incurred in connection therewith. Judgment was in favor of the plaintiff.

It is claimed that the court erred in overruling the defendant's motion to change the place of trial to Sum-

mit county, where he resided. This motion came too late, for which reason, we will not determine whether it should have been granted, had it been filed in apt time. The record discloses that summons was served upon the defendant in the City and County of Denver on July the 2nd, 1910; that on August 15th he filed a demurrer to the complaint; that on October 17th this demurrer was sustained; that on November 5th an amended complaint was filed; that on January 11, 1911, the defendant filed his answer; that on March 11th, following the plaintiff filed his replication; that on March 30th, following, the defendant filed his motion for a change of venue. The right to have the place of trial changed in this class of actions because brought in an improper county, is not jurisdictional; it is a mere personal privilege which may be waived, and ordinarily, is to be considered as waived by a general appearance and pleading to the merits. It is also waived unless the motion is interposed in apt time. It will be observed that the defendant did not interpose this motion until about nine months after service of summons, which was made in the residence county of the plaintiff, and not then until after the issues had apparently been settled in the county in which the action had been brought. Under such circumstances, were he originally entitled to the change, the motion came too late.— *Burton v. Graham,* 36 Colo. 199, 84 Pac. 978; *Kirby v. Union Pacific Co.,* 51 Colo. 509, 119 Pac. 1042, Ann. Cas. 1913B, 461; 22 Ency. Pl. & Pr. 815; *Denver, S. P. & P. R. R. Co. v. Roberts,* 6 Colo. 333; *School District v. Waters,* 20 Colo. App. 106, 77 Pac. 255; *Wasson v. Hoffman,* 4 Colo. App. 491, 36 Pac. 445; *D. & R. G. R. Co. v. Cahill,* 8 Colo. App. 158, 45 Pac. 285; *Forbes v. Grand Co.,* 23 Colo. 344, 47 Pac. 388; *Smith v. Merrill,* 12 Colo. App. 233, 55 Pac. 824.

The alleged motion for judgment on the pleadings,

the overruling of which is assigned as error, does not appear in the record proper. It was evidently not in writing. Counsel have included in their abstract of record a purported lengthy colloquy between Court and counsel, which purports to include an oral motion for judgment on the pleadings. It was at this time that the plaintiff was allowed to amend his replication. This court has repeatedly held that a motion for judgment on the pleadings cannot take the place of a general demurrer. It follows that it should not be sustained where the defect complained of is proper to be cured by an amendment. Such were the facts here.—*Fehringer v. Martin Drug Co.,* 56 Colo. 445, 138 Pac. 1007; *Williams v. Fuel Co.,* 55 Colo. 133, 133 Pac. 742; *Richards et al. v. Stewart,* 53 Colo. 205, 124 Pac. 740; *Thomas v. Ray,* 48 Colo. 423, 110 Pac. 77; *Roberts v. C. S. & I. Ry. Co.,* 45 Colo. 188, 101 Pac. 59; *Cache La Poudre I. Co. v. Hawley,* 43 Colo. 32, 95 Pac. 317; *Rice v. Bush,* 16 Colo. 484, 27 Pac. 720.

It appears that the plaintiff was allowed to file an amended replication during the progress of the trial, which it is claimed, was to the prejudice of the defendant. Without the evidence before us, we cannot say that the court abused its discretion in this respect. Amendments and the time when they can be filed are largely within the discretion of the trial court.—*Jordan v. Greig,* 33 Colo. 360, 80 Pac. 1045; *Davis v. Johnson,* 4 Colo. App. 545, 36 Pac. 887; *Cascade Ice Co. v. Water Co.,* 23 Colo. 292, 47 Pac. 268; *Harrison v. Carlson,* 45 Colo. 55, 101 Pac. 76.

Trial was to the court. It is claimed that the judge expressed and exhibited bias and prejudice against the defendant and his counsel, which disclose that he could not give him a fair trial, and for this reason the motion for a new trial should have been granted. The only record presented is alleged statements of the judge set forth

in the motion for a new trial and in the affidavit of the defendant in support thereof, wherein he states that when testifying the court made certain remarks. The testimony and remarks set forth are as follows:

"Q. What instructions did Mr. Vreeland give Pavelka? A. I don't know; I says to him, you stay here and make this run, or see if you can. Don't go away until you see that. They are willing to say that the colored boy is competent, and he told me the colored boy was competent, and he slipped away without letting me know he was going. And he attempted to do certain things, I can say that, and he did, but it didn't run right while he was there. They tried to run it, but they couldn't get it to go, unless it was down hill fifty feet. When he came back here, he, Mr. Vreeland, wrote me and said everything was all right.

Mr. Grant: I object to that as hearsay.

The Witness: I have got it in it.

The Court: That will all be stricken out.

Mr. Franklin: To what point?

The Court: The Court asked you to control your witness.

Mr. Franklin: I am trying to control him.

The Court: No you are not. You and your client cannot run this court.

Mr. Franklin: I thought that was competent evidence. If you mean to strike out the part concerning the conversation with Vreeland, why, I want to save an exception. But I don't understand just where it begins.

The Court: Do you think witness can answer counsel, both of you talking to him at the same time? Have him proceed.

Mr. Franklin: Colonel, you are not to speak to counsel.

The Witness: I beg pardon, he spoke to me first, so I spoke back.

The Court: Proceed.''

The plaintiff contends that this is not a part of the record proper and has moved to strike it. We think it unnecessary to consider this question. When passing upon the motion for a new trial the judge, in a way, had before him the entire evidence and the remarks of court and counsel, he had heard it all. The small part set forth in this motion discloses that there was other testimony and evidently other remarks which preceded, as well as followed, this, as there is in all cases. It is not claimed such was not the case here. Without anything further before us we are unable to say this discloses that the judge was prejudiced against the defendant, or his counsel, or at all, or to the extent that he could not give the defendant a fair trial.

For aught that we know there may have been no material conflict in the evidence upon the main issue, or it may have been overwhelmingly in favor of the plaintiff; were it here, we might be able to say that the findings could not have been other than they were. This expression of the court that counsel and his client cannot run this court, is of itself not an expression of prejudice against the defendant. The affidavit discloses that the witness was rather astute in his remarks to counsel, and was of the opinion that whether right or wrong he had succeeded in getting something in the record which he wanted there. When these matters are considered as a whole, as above stated, we do not think that a reversal should be granted for this reason, upon the record as presented.

It is claimed the pleadings disclose that the judgment was excessive. The original complaint alleges the sale of an automobile for an agreed price of $3,598.40;

it also alleges that the plaintiff agreed upon defendant's complying with the terms of said sale, to-wit., to pay for said car on delivery, to take from him as part payment a secondhand automobile at the agreed credit of $750; that the defendant had the privilege of selling it for plaintiff, and did sell it for $450, but retained the money. The amended complaint presented the plaintiff's claim in two causes of action, one for the machine, and the other for services and expenses. It omitted all allegations pertaining to the secondhand car, presumably upon the theory that, inasmuch as the defendant had not complied with the conditions under which this credit was to be allowed that he was not entitled to it. The defendant, in his answer, set forth an alleged agreement concerning the secondhand car and his being entitled to a credit of $750 therefor. In his amended replication, the plaintiff admits that under certain conditions the defendant was entitled to this credit, but alleges that it was only upon condition that the defendant pay the remainder of the purchase price not later than August 20, 1909, which he alleges defendant has ever since failed and neglected to do. The court found all issues of fact in favor of the plaintiff, which, under the pleadings, would not entitle the defendant to any credit for the secondhand car, as there is no allegation in any pleading that the plaintiff ever received this car. Under this state of record, without the evidence before us, we cannot agree that the judgment was excessive in this respect. Neither can we agree because the original complaint states that this credit was to be allowed conditional that the new car was to be paid for upon delivery, and the amended replication that it was upon condition that the defendant pay the remainder of the purchase price not later than August 20, 1909, that the latter states a new cause of action or creates any material departure from the allegations of the orig-

inal complaint which alleges that the car was sold and delivered to the defendant on the 26th day of July, 1909.

We cannot agree that the amended replication substitutes a new cause of action, it covers new matters referred to in the defendant's answer and cross complaint. The plaintiff's cause of action was set forth in his amended complaint. It was for the balance due upon an automobile, etc., sold and delivered and for services rendered, etc. These were never changed and the findings and judgment were for these items.

The contentions that no damages were allowed for an admitted defect in the new car covered by an admitted guaranty in the pleadings, and that there was a departure in the pleadings concerning these matters, are in some respects similar to those pertaining to the second-hand car. The original replication alleges that the new car was perfect in all its parts, etc., except a slight defect in one of the rear cylinders, which plaintiff promptly agreed to replace and did replace in accordance with the terms of his agreement. The amended replication does not include such an admission but admits that plaintiff promised that said automobile was of good quality and worth the value placed upon it by plaintiff and perfect in all its parts, and would do good work. Without the evidence before us we cannot say that this admission of a defect, coupled with an allegation of immediate replacement in the original replication, although omitted from the amended replication, is sufficient of itself to call for an allowance of damages and in no event does it create any departure from the original cause of action.

The judgment is affirmed.

*Affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE SCOTT concur.