[No. 7901.]

WALLACE V. COLLIER ET AL.

*Judgment Upon the Pleadings—Not Allowed,* where there are pending material issues of fact. Judgment for defendant is not to be had, even for substantial defects in the complaint, where it does not affirmatively appear that plaintiff is without right.

*Error to Huerfano District Court.* Hon. HENRY HUNTER, Judge.

Mr. W. M. SWIFT, Mr. EDWARD C. STIMSON, Mr. PAGE M. BRERETON, for plaintiff in error.

Mr. F. B. TIFFANY, for defendant in error Collier.

Mr. JUSTICE HILL delivered the opinion of the court.

The plaintiff in error is a stockholder in The Denver Copper Mining and Leasing Company, and brings this action as such, alleging one of the recognized reasons, and makes it a party defendant. The amended complaint is voluminous. We shall not attempt to analyze it. Among other things, it charges, in substance, that the defendants, Collier and Curtis, entered into a conspiracy, the purpose

of which was to vest the title to certain coal lands in the defendant, The United States Fuel Company, and to cause the stock of that company to be issued to Collier as the purchase price of land, although the defendant, The Denver Copper Mining and Leasing Company, authorized the organization of The Fuel Company upon its behalf as a subsidiary company, paid all expenses for its incorporation and furnished the money with which the coal lands should be bought, and gave to its secretary, Curtis, the money for this purpose, and that Curtis turned over to Collier a sum of money more than sufficient to pay for the land; that Curtis had an option for the purchase of this land at the price of $760; that he held this option for The Copper Company; that he and Collier entered into an agreement by which Collier was to take the land and turn it over to The Copper Company's subsidiary company, The Fuel Company, for its entire capital stock, and that Collier was to then give Curtis the right to purchase all The Fuel Company's stock for $5,600, which was much more than the value of the land; that this agreement was carried out to the extent the title was thus taken and the stock of The Fuel Company issued to Collier, and a payment made by Curtis to Collier, which was practically the amount stated as the value of the land, and that Curtis and Collier thus sought to deprive The Copper Company of the ownership of the property to which it was actually entitled, and for which it had actually paid; that Collier turned over to Curtis as trustee all of the capital stock of The Fuel Company, etc., the stock books, the company's seal, and all other papers of the company, all of which it is alleged that Curtis held as trustee for The Copper Company; that Collier then resigned from the board of directors of The Fuel Company, and that on the same day, by action of that company's directors (they being Curtis and his immediate family, etc.), all the stocks, bonds, stock books, etc., of The Fuel Company were pledged to the defendant, Costigan, for a loan of $2,500 made ostensibly

to The Fuel Company; that Costigan had full knowledge at the time as to the real ownership of the stock by The Copper Company; that this attempted pledge of The Fuel Company's stock and other property was without authority of its stockholders as by law required; that this fact was also known to Costigan; that with knowledge of these facts, Costigan purported to sell this note to Collier, and turn to him this security; that Collier proceeded to advertise and to sell it, and bought it all in himself; that thereafter he caused The Fuel Company, which he then claimed to control by virtue of his claim of ownership of all the stock and bonds, etc., to convey all the coal land mentioned in the complaint to himself. The usual allegations of conspiracy, fraud, knowledge of all facts, etc., are set forth throughout the complaint.

The defendant Collier answered. All of the other defendants allowed default to go against them. In his answer, Collier denies all acts of fraud, conspiracy, etc., and each and every allegation in the complaint, except certain ones as therein admitted; these refer to incorporating The Fuel Company, etc., and as to certain persons being officers thereof. He admits the execution of certain instruments referred to, including the Costigan note, and the pledging of the security and its sale and assignment to him, etc. He then pleads facts whereby he attempts to justify the regularity of these proceedings, etc. By cross complaint against the plaintiff, the defendants, E. B. Curtis, The Copper Company and The Fuel Company, the defendant Collier alleges that he sold and conveyed to The Fuel Company certain lands, describing them, for $5,600, which he alleges The Fuel Company agreed to pay within ninety days; that it was indebted to him $4,965.62 of this amount; that he has a vendor's lien upon this land for this amount. This is followed with a history somewhat similar to that set forth in the plaintiff's complaint concerning the pledging of The Fuel Company's stock, etc., for the $2,500 loan to Costi-

gan, its assignment to Collier, his sale of the securities, etc., the amount received therefor, which was not enough to pay the Costigan note and his vendor's lien, etc.; he prays that he be decreed the owner of the securities sold to himself under the Costigan pledge; that the land be sold; that he be reimbursed this amount and the balance paid him upon account of his vendor's lien, for general relief, etc.

For a second cause of action, he alleges that he is the owner and in possession of the lands, described in his first cause of action; that the plaintiff, the defendant corporations and Curtis claimed some interest therein adverse to him, which is without right, etc.; that they have no right, title or interest thereto. The prayer is that their claim be determined and held for naught, and that his title be quieted, etc. By replication the plaintiff denied all allegations of new matter in the answer and cross complaint, constituting a defense or counter-claim. This is followed with numerous specific denials concerning the history of the transaction, the *bona fides* of the Costigan loan, etc., also with general and special denials of the alleged facts constituting the first cause of action set forth in the cross complaint. He also denies each and every allegation in the second cause of action set forth in the cross complaint, with the exception, he admits that the plaintiff, the two corporations and Curtis claim some estates or interest in the lands, and denies that their said claim was without right, etc. Later on the defendant Collier filed an amendment to his answer as a third defense, wherein he alleged that the cause of action set forth in the amended complaint did not accrue within three years prior to the commencement of the action. By answer this is denied with the further allegation that the cause of action did accrue within three years prior to the commencement of the action, and that the plaintiff only discovered the facts stated in his amended complaint, and upon which he predicates his cause of action, about six months prior to bringing it, that prior to which time he

was ignorant of the fraud of which he complains and had no notice or knowledge until that time, etc.

Upon the issues as thus made, the court sustained the defendant Collier's motion for judgment upon the pleadings and entered its decree adjudging that he was the owner of the stocks, bonds, etc., of The Fuel Company bought by him at the sale, etc.; also that he is the owner of the land in question, and that his title be quieted thereto, etc. In this the trial court erred. There were material disputed issues of fact presented by the pleadings upon many points in the case, and whether the complaint and answer to the cross complaint were good, as they stood, is immaterial. They do not affirmatively show that the plaintiff was without right, for which reason this motion could not take the place of a demurrer and thereby cut off the plaintiff's right of again requesting the court, in the exercise of a sound discretion, to be allowed to amend.

In *Williams v. Fuel Company,* 55 Colo. 133, 133 Pac. 742, the *syllabus* states, "Judgment on the pleadings is not to be awarded for mere insufficiency in the party's averments. It must affirmatively appear that he is without right."

In *Richards v. Stewart,* 53 Colo. 205, 124 Pac. 740, the *syllabus* states, "A motion for judgment on the pleadings cannot be entertained where a material issue of fact is tendered."

In *Whitehead v. Johnson,* 51 Colo. 587, 119 Pac. 472, the *syllabus* states, "A motion for judgment on the pleadings cannot be converted into a demurrer to the complaint."

In *Harris v. Harris,* 9 Colo. App. 211, 216, 47 Pac. 841, in commenting upon such a motion it is said, "The motion for judgment cannot be substituted in the place of a demurrer and preclude amendments."

These rules are well settled in this jurisdiction, and the opinions in these cases demonstrate that the defendant

was not entitled to judgment on the pleadings on the issues made or attempted to be made by the plaintiff.

.If the first cause of action in defendants' cross complaint was good in the way plead (which is challenged), many parts thereof were denied in the plaintiff's answer thereto; this called for proof to support them, for which reason.judgment on the pleadings was not proper. *Richards v. Stewart, supra.*

The second .counter claim seeks to quiet title to certain lands.. The plaintiff urges that it nowhere appears that this land is the same land mentioned or referred to in the complaint, for which reason this cause of action is not one that can be injected into this suit by way of a cross complaint; that on the other hand, if it is held to be the same land, then the cross complaint is merely an affirmative denial to the claim of the plaintiff; that the beneficial title to the land is in The Copper Company, and in such case is not authorized by the Code. We deem it unnecessary to determine these contentions, for the reason that the plaintiff's answer denies the allegations of title and possession. It admits that the plaintiff and the defendant corporations and Curtis claim some interest or estate in this land adverse to the defendant, and denies that their said claim is without right, etc. Material allegations were thus denied, for which reason, assuming that this was the same land covered by the complaint; and that this cross complaint is proper in this action, and that the answer is defective in not setting forth the nature of plaintiff's alleged interest or title, as is urged, it did not show affirmatively that he was without right, and for which reason the sufficiency of his answer should have been raised by demurrer instead of by motion for judgment on the pleadings, which cut off his right to amend.

The plea of the statute of limitations, if properly allowed in the way of an amendment, a question unnecessary to determine, was fully met in the complaint and by the

answer to this plea, which made an issue of fact thereon that could not be disposed of against the plaintiff without trial. *Morgan v. King,* 27 Colo. 539, 63 Pac. 416; *Bohm v. Bohm,* 9 Colo. 100, 10 Pac. 790.

For the reasons stated the judgment is reversed and cause remanded for further proceedings in harmony with the views herein expressed. The parties will be permitted to amend their pleadings as they may be 'advised.

*Reversed and remanded.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE TELLER concur.