[No. 8030.]

## CHILDERS V. BAIRD ET AL.

1. DEED—*Delivery.* A conveyance of lands never delivered by the grantor is void. (386.)

The testimony examined and held to establish that the conveyance in question was never delivered. (384-386.)

2. PLEADINGS—*Motion for Judgment Upon,* allowed only when it affirmatively appears that the party against whom the motion is interposed is without right. (387.)

3. ―― *Defects Cured by Pleading Over.* Action to annul a conveyance of lands, alleged to have been executed by plaintiff's ancestor, but never delivered. There was no direct averment that the ancestor had title to the land in his life-time, but this was admitted by the answer. *Held* that this admission cured the defects of the complaint. (387, 388.)

4. ―― *Construed.* An allegation that a party "executed" a deed, does not confess its validity or effect, where followed by the averment that it was never delivered. (388.)

5. APPEAL AND ERROR—*Party Bound by Position Assumed Below.* Action to annul a conveyance of lands. The complaint alleged that plaintiff's father died intestate, and "seized" of the lands in question; that the conveyance, though executed by him, was never delivered; that after his death the grantee obtained possession of the paper, caused it to be recorded, and was claiming the lands thereunder. The answer admitted that deceased was "owner" of the land until the execution of the deed. *Held* to manifest that defendants accepted the complaint as importing that deceased was "seized as the owner;" and the court declined to allow a change of defendant's position in this respect, or to enter into any definition of the term "seized." (387, 388.)

*Error to Douglas District Court.* Hon. W. S. MORRIS, Judge.

Mr. F. W. SANBORN, and Mr. GEORGE ALLAN SMITH, for plaintiff in error.

Messrs. ALLEN & WEBSTER, for defendants in error.

HILL, J., delivered the opinion of the court.

The plaintiff in error brought this action to have declared void a deed executed by her father in his lifetime to her mother, Anna Maria Baird, for one thousand six hundred fifty acres of land, with water rights, in Douglas county, and also to be adjudged the owner of a one-fourth interest therein as one of the heirs, etc. Among other things, she alleges that the deed, after being made out, was never delivered by the decedent to his wife, Anna Maria Baird, but remained in the sole and exclusive custody, keeping and control of the decedent, and that at the time of his death he still retained possession and control of said deed; that after his death, Anna Maria Baird fraudulently and unlawfully obtained possession of this deed, had it recorded and claims by virtue of it to own this property, and that she never paid any consideration for the deed. Issues were joined upon these questions. At the close of the plaintiff's testimony, the defendants' motion for non-suit was sustained, and the action dismissed. She brings the case here for review.

It stands admitted that Mr. Baird departed this life intestate August 11, 1911, and that unless title passed under this deed he was the owner of the lands and water in controversy at the time of his death. A. S. Carmichael, a real estate agent, witness for plaintiff, testified, in substance, that about a week before the execution of this and other deeds by the deceased and his wife, they talked about making deeds to each other, in the event that either was taken away, that they would make deeds, so that in case of death the property of one would belong to the other; that Mrs. Baird spoke up and said: "Come John, * * * have

them made out," and said to the witness "Will you make them out for us, we will be down to your office"; that the deceased got some tax receipts and various evidences of descriptions of his property and gave them to the witness, and told him to draw up the deeds, which he did, as well as a deed from Mrs. Baird to the deceased for a piece of property in Denver; that later they came to his office; that the deeds were ready; that he called in a notary public who took their acknowledgments to them; that there were two deeds from Mr. Baird to Mrs. Baird, one to the Douglas county property (involved in this action) and one to Denver property, and one by Mrs. Baird to Mr. Baird for a piece of Denver property; that they signed their respective deeds; that when the notary finished Mr. Baird took all of them, put them in his pocketbook, or in something, and said, "I want it understood that this property never passes from my control until after I am gone," and calling his wife by name he said, "I want you to understand that this is my property, and only to take effect after I am gone, the same as your deed would imply"; that witness said to him, "You had better put these in safe keeping" to which he said "Yes, I will put them in my box, where none of them will be lost this time"; that after this deed was executed Mr. Baird put it in his pocket and took it away. The deed involved, which is in evidence, bears date October 10, 1910, and shows that it was acknowledged October 29, 1910. Continuing, the witness states, that he never saw it again until after Mr. Baird's death, when Mrs. Baird said, "Now, Mr. Carmichael, you will remember there was some deeds or papers made out at the time we were down to your office. Mr. Baird put those away in the bank in a box, in the Broadway bank; I don't know what to do; I am not familiar with the customs of getting those things; will you be good enough to go with me?"; that they and her daughter (the plaintiff in error) then went to the Broadway Bank, where witness said to Mr. Tibbels, cashier, "This is Mrs. Baird"; that Tibbels said to

her "I have seen you sitting out in your carriage with your husband, but I have never met you before"; that witness then said to Tibbels, "Mrs. Baird has the key here to her box; Mr. Baird, you know, is gone and she would like to get some papers"; that the cashier produced the box, and witness looked through the papers, found among them the three deeds heretofore referred to, and a bill of sale to personal property together; that he said to Mrs. Baird, "These papers will be all we need; this one we don't need," which remark referred to the deed from her to her husband; that he put it back in the box; that the box was then put in its place, and the key returned to Mrs. Baird who said to witness, "Al, you take these down and put them in the safe," also "When can you and I go to the Rock to file that deed"; that witness replied he could not say, he was pretty busy at present, but possibly a little later; that he took the deeds and put them in his safe; that from two weeks to two months later, exact date unknown, Barney Baird (the defendant in error, David B. Baird) came to his office and said "Ma and I are going to Castle Rock, let me have that deed"; that witness gave him the deed to the Douglas county lands. This deed shows it was filed for record September the 1st, 1911. The witness further states, that when they went to the bank Mrs. Baird had the key to the box; that he had seen Mr. Baird with the key to this box; that the deceased had told witness that they were the keys to the box.

Mr. Tibbels, the cashier of the Broadway bank, testified, that the deceased rented a vault in that bank June 14, 1911, in his own name; that he never saw Mrs. Baird enter that vault but once, at which time there was a gentleman with her, and he thinks a lady also; that at the time the deceased rented the vault he said, "If my wife wants to get in this vault let her in"; that he said. nothing with reference to renting the vault for his wife to store her papers in that witness remembered; that he could not recollect whether it was before or after Mr. Baird's death that he saw his wife

there with a man and a woman; that Mrs. Baird, however, was there but once to his recollection.

Plaintiff testifies, that she recalled going to the Broadway bank about ten days after her father's death; that her mother said she wanted Mr. Carmichael and her to go over and get the deeds; that her mother also said she had never been there, and did not know anything about it, and that Mr. Carmichael will go with us. Her testimony pertaining to matters at the bank is the same as Mr. Carmichael's, and is followed with the statement that at some time later her mother went to Castle Rock and recorded the deed to the ranch.

When the testimony of the three witnesses concerning the date of Mrs. Baird's visit to the bank is considered, it tends to establish the date, which the cashier was unable to fix, as being the one given by the other two witnesses, which was about ten days after Mr. Baird's death, and also that it was the only visit which she made to the bank, and as we view it, the testimony is all to the effect that Mr. Baird did not intend to make a present delivery of this deed to his wife, and did not deliver it to her or to anyone for her, hence, when standing alone and uncontradicted, as it is, it is sufficient to establish that the deed was void for want of a delivery, for which reason the motion should have been overruled. *Rittmaster v. Brisbane*, 19 Colo. 371, 35 Pac. 736; *Kelly v. Hallack L. & M. Co.*, 22 Colo. 221, 43 Pac. 1003; *Marvin v. Stimpson*, 23 Colo. 174, 46 Pac. 673; *Knox v. Clark*, 15 Colo. App. 356, 62 Pac. 334; 1 Devlin on Real Estate (3d Ed.) §§ 260-263; *Osborne v. Eslinger*, 155 Ind. 351, 58 N. E. 439, 80 Am. St. Rep. 240; *Schlicher v. Keeler*, 67 N. J. Eq. 635, 61 Atl. 434; *Sneathen v. Sneathen*, 104 Mo. 201, 16 S. W. 497, 24 Am. St. Rep. 326; *Maynard v. Maynard*, 10 Mass. 456, 6 Am. Dec. 146; *Shults v. Shults*, 159 Ill. 654, 43 N. E. 800, 50 Am. St. Rep. 188; *Smith v. Moore*, 149 N. C. 185, 62 S. E. 892; *Porter v. Woodhouse*, 59 Conn. 568, 22 Atl. 299, 13 L. R. A. 64, 21 Am. St. Rep. 131; *Gil-*

*more v. Whitesides,* Dud. Eq. (S. C.) 14, 31 Am. Dec. 563; *Prutsman v. Baker,* 30 Wis. 644, 11 Am. Rep. 592; *Dagley v. Black,* 197 Ill. 53, 64 N. E. 275; *Johnson v. Johnson,* 24 R. I. 571, 54 Atl. 378; *Williams v. Daubner,* 103 Wis. 521, 79 N. W. 748, 74 Am. St. Rep. 902.

By cross assignments the defendants claim that the court erred in overruling their motion for judgment on the pleadings. The reason assigned why it should have been sustained is that the complaint fails to state a cause of action. If this were true, it does not affirmatively show that the plaintiff was without right, for which reason this motion could not take the place of a demurrer, and thereby cut off the plaintiff's right to be allowed to amend. *Williams v. Fuel Co.,* 55 Colo. 133, 133 Pac. 742; *Richards v. Stewart,* 53 Colo. 205, 124 Pac. 740; *Whitehead v. Johnson,* 51 Colo. 587, 119 Pac. 472; *Harris v. Harris,* 9 Colo. App. 211, 47 Pac. 841.

Counsel contend that the court erred in overruling the defendants' objection to the introduction of any testimony, on the ground that the complaint did not state a cause of action. It is claimed there is no allegation that Mr. Baird was ever the owner of the Douglas county lands, etc. The complaint alleges that he died seized of this property; that he executed this deed but never delivered it, and that it remained in his exclusive custody and control; that after his death the defendant, Anna Maria Baird, fraudulently and unlawfully obtained possession of it, had it recorded, and claims by virtue of it to own this land, etc., and that the plaintiff is entitled to a one-fourth interest in it because her father died intestate, etc. No demurrer was filed to this complaint, and in their answer the defendants admit that the deceased was the owner of the property until the date of the execution of this deed by which he conveyed it to his wife. From these facts, it is evident that at that time the defendants understood and accepted the word "seized" as used in the complaint to mean the same as "seized and pos-

sessed" or "as owned or the owner of." Such being the case, we see no necessity for their changing their position at this late date, for which reason we must decline to go into the finer definitions of the word "seized." In any event, it meant something, some interest, some claim, and if too uncertain or indefinite in this respect, the defendants cured the defect by setting forth in their answer that he was the owner of this property until he transferred it to his wife by the execution of the deed in question. *Robinson C. M. Co. v. Johnson,* 13 Colo. 258, 22 Pac. 459, 5 L. R. A. 769; *Empire Ranch and Cattle Co. v. Bender,* 49 Colo. 522, 113 Pac. 494.

It is urged, that because the complaint alleges that the decedent executed the two deeds, one of which conveyed the property in question to his wife, that the plaintiff thereby confesses its validity, hence her complaint fails to state a cause of action; that the allegation of its execution does not mean simply that he subscribed and acknowledged it, that the execution of a deed covers everything necessary to its validity and includes delivery as well. But the complaint also alleges, that the deed was never delivered, etc., and that after the death of decedent the defendant, etc., fraudulently and unlawfully obtained possession of it. As heretofore stated, no demurrer was filed to this complaint, but answers were filed joining issue on the question of the delivery of the deed. In such circumstances, construing this language in the light of the whole plea, we do not think it amounts to an admission that the grantor delivered the deed to the grantee, but in the sense here used, it means signing and acknowledging, and was accepted at the time as thus meaning, and we think correctly so because in the latter part it avers that the deed had never been delivered, etc. *Buffington v. Thompson,* 98 Ga. 416, 25 S. E. 516; *Stallings v. Newton,* 110 Ga. 875, 36 S. E. 227.

For the reasons stated, the judgment is reversed and the cause remanded for further proceedings in harmony

with the views herein expressed. The parties will be permitted to amend their pleadings as they may be advised.

*Reversed.*

GABBERT, C. J., and SCOTT, J., concur.