[No. 8748.]

## EXPANSION GOLD MINING & LEASING CO. V. CAMPBELL.

1. EVIDENCE—*Examination of Expert—Hypothetical Question.* Action by attorney for professional services. *Held,* proper to interrogate another of the profession as to the value of the services, "Assuming that they were rendered as described by plaintiff."

2. ——*Expert Hearing Only Part of the Plaintiff's Cross-Examination* was held nevertheless qualified, where it appeared that upon cross-examination plaintiff had in no respect modified his previous testimony.

That the jury awarded plaintiff a much smaller sum than in the opinion of the other attorneys he was entitled to, *held* to dispel any possible inference of injury from the fact that one of those testifying had heard but part of the cross-examination.

3. ——*Lost Writings.* Attorney suing corporation for professional services rendered testified that he had once seen a book of corporate minutes, that later he was unable to find it, and the officers denied its existence. *Held,* proper to admit parol as to the substance of a resolution of the directors set down in this book.

4. ——*Corporate Records,* not identified as authentic are not admissible.

Nor is the stock certificate book, against a party who had no part in the issuance of the stock.

5. APPEAL AND ERROR—*Writings not set out in the record,* are not considered.

So of questions not presented by the motion of a new trial.

6. TRIAL—*Improper Remarks of Counsel,* provoked by like remarks of opposing counsel, persisted in after a warning from the court, disregarded.

7. CONTRACTS—*Ratification.* A contract made by those named as directors in the articles of association of a corporation, for the employment of an attorney, appeared to have been made before the articles were filed. But the same gentlemen acted as directors, for years afterwards, and all this time recognized the contract, and accepted the services of the attorney thereunder. *Held,* a ratification.

8. INSTRUCTION—*Considered as a Whole.* What if standing by itself might be prejudicial, may be qualified by another passage of the charge.

9. ——*Not Founded Upon the Evidence,* are properly refused.

10. ——*Matters Not in Issue.* So of a charge referring to matters not in issue.

*Error to Pueblo District Court.* Hon. C. S. ESSEX, Judge.

Messrs. Adams & Gast, for plaintiff in error.

Mr. James A. Park and Mr. W. J. Kerr, for defendant in error.

Mr. Justice Hill delivered the opinion of the court.

This action was instituted by the defendant in error (hereafter called the plaintiff) to recover $8,000.00 from the plaintiff in error (hereafter called the defendant), for services rendered as an attorney at law. The complaint contains two counts: The first was for drafting the defendant's articles of incorporation and assisting in its organization, etc.; the second was for acting as its general counsel for a term of years, and in attending to certain litigation, etc., account being thus employed, etc. The answer denies everything and alleges that if any services were rendered they had been paid for, etc. The verdict of the jury was a general one in favor of the plaintiff in the sum of $3,100.00.

Numerous assignments of error pertain to the defendant's cross-examination of plaintiff's witnesses. It is unnecessary to explain these in detail; they pertain to questions largely in the discretion of the trial court. We find no abuse of discretion shown.

The defendant's objections to the form of the questions to plaintiff's expert witnesses upon the value of the services rendered are not well taken. While in a sense they were not hypothetical, yet in another sense they were, for by referring to the plaintiff's testimony or the services rendered as testified to by him, they made the assumed truth thereof the basis of the questions. In Rogers on Expert Testimony, (2nd ed.), Sec. 29, it is said, "It is not always necessary that a hypothetical question should be asked in a formal manner." In section 46 the author also states, "His (an expert's) opinion to be admissible must be founded either on his own

personal knowledge of the facts, upon facts testified to in court, or else upon an hypothetical question." In *McCullum v. Seward,* 62 N. Y. App. 316, the following question was held proper, "Assuming that the services rendered were as described by the plaintiff what were they worth?" This is the line of questions propounded in this case. While there may have been some slight deviations, as stated, we do not think anything was admitted of sufficient importance to prejudice the interest of the defendant.

While it is true that Attorney Koperlik admitted that he had not heard all of Mr. Campbell's cross-examination, when permitted to give his opinion concerning the value of the services rendered, we do not think that his, Campbell's, cross-examination in any way modified his previous testimony concerning the services rendered by him, hence could not have changed Mr. Koperlik's testimony. Other attorneys, after hearing all of Mr. Campbell's cross-examination, placed a higher value on his services than Mr. Koperlik placed on them. The jury, at least to a certain extent, disregarded the testimony of all of them, for the reason that it awarded the plaintiff a much smaller sum than, in the opinion of any of these attorneys, he was entitled to. In such circumstances, we cannot conceive that the defendant was in any manner prejudiced upon account of Mr. Koperlik having failed to hear all of Mr. Campbell's cross-examination. *Swanson v. Mellen,* 66 Minn. 486, 69 N. W. 620; *Kliegel v. Aitken,* 94 Wis. 432, 69 N. W. 67, 35 L. R. A. 249, 59 Am. St. 901; *Hand v. Brookline,* 126 Mass. 324.

The plaintiff was allowed to offer parol testimony concerning the substance of a resolution passed at a meeting of the board of directors of defendant company. In the circumstances of this case, we find no error in this respect. Mr. Campbell testified to his searching for the

minute book; also that he had seen these minutes at one time, and that later when he tried to find them the officers denied they had any such, or any except those written in a certain book, which was not properly identified by anyone.

Under the ruling in the *Union Gold Mining Company v. Rocky Mountain National Bank,* 2 Colo. 565, the purported minute book offered in evidence by the defendant was properly refused for lack of identification of that portion sought to be used as evidence at the time it was offered.

We cannot agree that the court's refusal to admit the stock certificate stub-book was prejudicial error. There was no testimony that Mr. Campbell had been consulted in regard to issuing the stock or that he had anything to do with it. We do not think these facts could have had any bearing upon the question of whether he was or was not employed by the defendant company or pertain to the amount of his compensation.

It is claimed that the court erred in admitting evidence as to items not included in the plaintiff's bill of particulars. Counsel admit that this bill is not in the record. They say that at the request of the plaintiff the lower court struck it from the record on error because it had not been offered in evidence, for which reason it could not be included in the record here. No assignment of error is predicated upon this ruling, and we are not at liberty to consider the contents of something which is not in the record.

Seventeen assignments of error are based upon alleged improper remarks of counsel for plaintiff in argument to the jury and claimed to have been tolerated by the court. A great deal of this grows out of remarks made concerning defendant's counsel, in answer to his argument in his attack upon the plaintiff. 'Tis true the

plaintiff was an attorney. He had testified and his testimony and actions throughout the history of the transaction in connection therewith were matters to be commented on in the argument to the jury, but according to the record, as approved by the trial court, counsel for the defendant had gone outside of it in a personal attack upon plaintiff. After objections were interposed he persisted in this line of argument. When objections were again made the court said, ''This is argument of counsel and is outside of the record, but if counsel persists the plaintiff or his counsel will have an opportunity to answer it.'' Counsel for defendant still persisted in similar argument, and counsel for the plaintiff, in closing, likewise went outside of the record in answering this argument, and in their eulogy of the plaintiff and sarcasm toward and abuse of defendant's counsel. Had these attacks been against the defendant instead of its counsel, the question would be serious; but as they were otherwise, and in answer to those of plaintiff's counsel, after he had persisted in his improper line, when previously warned they would be allowed this privilege, although all was improper, we cannot agree, when the nature of the case is considered, that the defendant's rights were prejudiced thereby, especially in view of the trial court's opinion to the contrary.

Plaintiff's counsel stated to the jury that a Mr. McDavid had made $200,000.00 out of the defendant company and that a Mr. Knight had made $150,000.00. He also said that Mr. McDavid had been charged and was guilty of padding the defendant's pay roll. Objections were made to these statements. The contract between the plaintiff and the defendant, per plaintiff's version, was that he was to be well paid for his services if the company became a success, otherwise he was to have

nothing. For this reason the success of the company became a material issue. Mr. McDavid and Mr. Knight had been directors of the company; had owned considerable stock, probably had speculated in it. There is evidence from which it might be argued that large dividends had been paid; also that Mr. McDavid at one time was in charge of the management of the company and possibly some dissatisfaction had been expressed by stockholders, etc., concerning his management, etc. When these facts and others brought out during the trial are considered, we cannot agree that plaintiff's counsel was entirely outside the record in making these statements and that there was not evidence upon which it could be claimed they were properly predicated, although counsel may have had to stretch his reasoning powers considerable to reason out his ultimate deductions assumed to be gathered therefrom.

It is urged that the meeting of the board of directors, at which the plaintiff claims his contract of future employment was made, was before the articles of incorporation were filed with the secretary of state, and for that reason invalid. The evidence is conflicting upon this question, but if such were the case it is conceded that the articles of incorporation had been executed, and that the board of directors named therein was present at the time the defendant claims a meeting was held, and that for several years thereafter these same members continued to fill the position as directors for the company. There is testimony that during all of this time they recognized this contract and accepted the plaintiff's services thereunder, etc., which acts, if true, even though the contract was made before the articles of incorporation were filed with the secretary of state, would bring it within the rule of a ratified contract by the corpora-

tion.—*Possell v. Smith,* 39 Colo. 127, 88 Pac. 1064; *Colo. L. & W. Co. v. Adams,* 5 Colo. App. 190, 37 Pac. 39; *Arapahoe Investment Co. v. Platt,* 5 Colo. App. 515, 39 Pac. 584; *Grand Co. v. Rollins,* 13 Colo. 4, 21 Pac. 897; *German American Co. v. State Bank,* 26 Colo. App. 242, 142 Pac. 189; 10 Cyc. 1072-1076; *Paxton Cattle Co. v. First National Bank,* 21 Neb. 621, 33 N. W. 271, 59 Am. Rep. 852; *McArthur v. Times Printing Co.,* 48 Minn. 319, 51 N. W. 216, 31 Am. St. Rep. 653; *Bommer v. Am. Spiral B. H. Mfg. Co.,* 81 N. Y. 468; *Schreyer v. Turner Flouring Co.,* 29 Or. 1, 43 Pac. 719; *Wall v. Niagara M. & S. Co.,* 20 Utah 474, 59 Pac. 399.

When considered as a whole, we find no prejudicial error in the instructions given. While Instruction No. 8 standing alone might be subject to criticism as being ambiguous, yet when read in connection with Instruction No. 4, we do not think that the jury could have been misled by it. Instruction No. 4 is supported by the authorities heretofore cited concerning the ratification by a corporation of the acts and doings of its directors prior to its incorporation. Instruction No. 3 properly told the jury that in order to determine the terms of employment, they could consider all the evidence on that question, etc. The consideration of this evidence included the parol testimony as to what was done at the meeting of the board of directors at a certain time, and is controlled by the reasoning heretofore given concerning the admission of this testimony.

The defendant's Instruction No. 2 was properly refused. There was no evidence to show that the plaintiff attempted to render any services in violation of public policy or good morals, or to unduly influence the post-office inspector in the discharge of his duty, but to the contrary it did include the successful attempt of the

plaintiff in persuading the inspector to defer action until the directors of the defendant could reach Pueblo. It was shown that they understood the defendant's business in detail so as to better present all the facts pertaining thereto in order to show that everything was all right and that the company was properly and lawfully entitled to the use of the mails, etc.

The statute of frauds pertaining to time and the debts of another not having been put in issue by the answer, defendant's Instruction No. 9 pertaining thereto was properly refused.—*Pettit v. Mayhew,* 43 Colo. 274, 95 Pac. 939; *Hamill v. Hall,* 4 Colo. App. 290, 35 Pac. 927; *Cerrusite Mining Co. v. Steele,* 18 Colo. App. 216, 70 Pac. 1091; *McLure v. Koen,* 25 Colo. 284, 53 Pac. 1058; *Benjamin v. Mattler,* 3 Colo. App. 227, 32 Pac. 837; *Tynon v. Despain,* 22 Colo. 240, 43 Pac. 1039.

Other assignments have been considered. There being one hundred eleven in all, it would unnecessarily prolong this opinion to comment upon each in detail. Some were not included in the motion for a new trial, for which reason they are not properly before us for consideration. Suffice to say, that when the record is considered as a whole, we find no error of sufficient importance to justify a reversal, for which reason the judgment will be affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE TELLER concur.

Petition for rehearing denied by the court *en banc.*

CHIEF JUSTICE WHITE not participating.

Decided January 2nd, A. D. 1917. Rehearing denied April 2, A. D. 1917.