No. 11,751.

LAMON *v.* ZAMP.

Decided February 21, 1927.

Action in unlawful detainer.  Judgment for plaintiff.

*Reversed.*

1.  PLEADING—*Unlawful Detainer—Answer.*  I.. an action in unlawful detainer, where the answer shows no consideration for an alleged promise of forbearance, a general demurrer lies to the answer.

2.  JUDGMENT—*On Pleadings—Motion.*  A motion for judgment on the pleadings is not a substitute for demurrer and should not be sustained where the defect complained of may properly be cured by amendment.

3.  FRAUDS—*Statute—Pleading.*  Where a contract is required by the statute of frauds to be in writing, it is not necessary that the pleader in setting it out, allege that it is written.  If it is not, that is a matter in confession and avoidance.

*Error to the County Court of the City and County of Denver, Hon. George W. Dunn, Judge.*

Mr. JOHN D. MILLIKEN, for plaintiff in error.

Mr. L. D. HUNT, for defendant in error.

*En Banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

*On Rehearing.*

ZAMP received a trustee's deed September 2, 1926, and the same day notified the mortgagor, Lamon, to quit on September 6th.  September 7th Zamp brought suit in unlawful detainer before justice of the peace.  Defendant

answered that September 4th, "plaintiff agreed, in consideration of the sum of $35, to be paid to him, that he would extend the time for defendant to vacate the premises mentioned in the complaint until he (the defendant) could get loan papers made out," but afterwards refused to carry out the agreement. Plaintiff had judgment and defendant appealed to the county court where judgment was rendered for plaintiff on the pleadings. The question here is whether that was right. We think not.

Since the $35 is not shown to have been either paid or promised no valid consideration is shown for the promise of forbearance and therefore a general demurrer would lie to the answer; but that does not necessarily furnish a case for judgment on the pleadings. The motion is not a substitute for demurrer, and should not be sustained where the defect complained of is proper to be cured by amendment, which the present one is. *Kingsbury v. Vreeland,* 58 Colo. 212, 215, 144 Pac. 887, and cases there cited; *Wallace v. Collier,* 59 Colo. 144, 148; 147 Pac. 660; *Childers v. Baird,* 59 Colo. 382, 387, 148 Pac. 854. The motion is apt to work injustice and should be granted only with circumspection, and not when merely no defense appears, but only when it appears that the answer is such that no amendment could make it good.

The question of the statute of frauds is argued, but in the statement of a contract such as might be within the statute it is not necessary to say that it is in writing. If it is not, that is a matter of confession and avoidance. *Tucker v. Edwards,* 7 Colo. 209, 211, 3 Pac. 233; *Hunt v. Hayt,* 10 Colo. 278, 281, 15 Pac. 410; *McLure v. Koen,* 25 Colo. 284, 287, 53 Pac. 1058; *Pettit v. Mayhew,* 43 Colo. 274, 276, 95 Pac. 939; *Dennison v. Barney,* 49 Colo. 442, 447, 113 Pac. 519; *Expansion Co. v. Campbell,* 62 Colo. 410, 417, 163 Pac. 968; *Tynon v. Despain,* 22 Colo. 240, 43 Pac. 1039.

It does not appear that the contract was not in writing, therefore the statute of frauds is out of the question.

The former opinion is withdrawn; the judgment is reversed with directions to overrule the motion for judgment on the pleadings and proceed with the case.