No. 11,902.

LAMON *v.* ZAMP

Decided September 12, 1927. Rehearing denied October 10, 1927.

On motion to dismiss appeal from justice to county court. Motion sustained.

*Reversed.*

*On Application for Supersedeas.*

1. APPEAL AND ERROR—*Dismissal.* Where on review it appears from the entire proceedings that there was a dismissal of an appeal from justice to county court, and not a dismissal of the action as shown by the record proper, the judgment is treated as a dismissal of the appeal.

2.　UNLAWFUL DETAINER—*Appeal*—*Bond.* In an unlawful detainer action, if the additional statutory bond required by C. L. section 6388, is not given, on appeal from justice to county court, the appeal may be dismissed.

### On Rehearing.

3.　　　*Appeal*—*Bond*—*Waiver.* In an action for unlawful detainer, on appeal from justice to county court, the latter having jurisdiction of the subject matter, failure of appellant to give the additional statutory bond required by C. L. section 6388, held waived, where appellee proceeded with the case in the county court without objection to its jurisdiction.

*Error to the County Court of the City and County of Denver, Hon. George W. Dunn, Judge.*

Mr. JOHN D. MILLIKEN, for plaintiff in error.

Mr. JOHN R. ADAMS, Mr. C. COOPER YOUNG, for defendant in error.

*En Banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

ZAMP had judgment for possession against Lamon before justice of the peace in unlawful detainer; Lamon appealed to county court; Zamp, as shown by the bill of exceptions, moved that the appeal be dismissed because the statutory additional bond required by C. L. sec. 6388, had not been filed. The motion was sustained and the court ordered that the appeal be dismissed and procedendo be issued. In the record proper, however, the judgment is that the cause be dismissed and procedendo be issued. Lamon brings the case here on error.

The record proper shows a judgment in his favor, but since procedendo is ordered it is manifest by this, as well as by the bill of exceptions, that the entry of judgment of dismissal of the cause was a clerical error; we therefore treat the case as if the judgment was a dis-

missal of the appeal. It behooves the defendant in error to have the record corrected by the county court.

The required bond not having been filed the court was right in dismissing the appeal. *Adams v. Decker,* 50 Colo. 236, 114 Pac. 654; *Getty v. Miller,* 10 Colo. App. 331, 51 Pac. 166.

Judgment affirmed.

Mr. Justice Adams not participating.

## On Rehearing.

Mr. Justice Denison.

We overlooked, in our original consideration of this writ of error, the point made by plaintiff in error that the plaintiff Zamp in the county court waived the objection that the required bond had not been filed. After the appeal had been docketed in the county court, plaintiff, without objection to the jurisdiction, moved for and obtained a judgment on the pleadings which was reversed in this court. *Lamon v. Zamp,* 81 Colo. 90, 253 Pac. 1056. The case having been remanded and set for trial, the plaintiff, when it was called for trial, moved to dismiss the appeal for want of the statutory additional bond. The present counsel were not employed until after the remand.

We think we are compelled by the former decisions of this court to say that the want of bond was waived. The county court had jurisdiction of the subject matter, the case might originally have been brought there, the only objection was to the proceedings in coming there and that might be waived, and was waived by proceeding in the appellate court without objection to the jurisdiction. *Edwards v. Smith,* 16 Colo. 529, 530, 27 Pac. 809; *Lyon v. Washburn,* 3 Colo. 201; *Behymer v. Nordloh,* 12 Colo. 352, 21 Pac. 37.

Counsel for defendant in error argue that these cases were on defective bonds and not total lack of bond, but

their logic is the same, i. e., that, since the appellee submitted his case without objection to the jurisdiction to a court which had jurisdiction of such a cause, he cannot afterwards be heard to say that the case was not properly brought before such court.

The case of *Erbaugh v. Fields,* 77 Colo. 254, 235 Pac. 568, is not to the contrary. There was no question of waiver there. It was as if in the present case Zamp's first move in the county court had been to dismiss the appeal.

In *Horn v. Martin,* 38 Colo. 364, 87 Pac. 1073, the appellee was careful to appear specially, and so in *Adams v. Decker,* 50 Colo. 236, 114 Pac. 654. There is no escape from the conclusion that the judgment must be reversed.

Judgment reversed with directions to overrule the motion to dismiss the appeal and proceed with the case.

MR. JUSTICE ADAMS not participating.