No. 12,351.

McLaughlin *v.* Niles Company.

(294 Pac. 954)

Decided December 8, 1930.

Mr. D. W. Strickland, Mr. Oliver W. Toll, Mr. John L. J. Hart, for plaintiff in error.

Mr. Wilbur F. Denious, Mr. Hudson Moore, Mr. Dayton Denious, for defendant in error.

*In Department.*

Mr. Justice Butler delivered the opinion of the court.

The Niles Company sued David W. McLaughlin to partition certain improved lots in Denver. The court rendered judgment for the Niles Company on the pleadings, not decreeing the partition of the property, but merely quieting title in the Niles Company, subject to a deed of trust wherein the defendant Harry W. Newcomb is trustee. McLaughlin says that there is no legal justification for the judgment against him.

1. The petition alleges that the Niles Company and David W. McLaughlin "are the owners, as tenants in common," of the property, "and that the interest of each * * * is a one-half (½) undivided interest." In his answer McLaughlin "denies each and every allegation in said complaint contained." There are also allegations constituting a plea of another suit pending between the same parties and with reference to the same cause of action. The replication denies "all new matter as set forth and contained in the answer." On this state of the pleadings, the court held that McLaughlin, "by his sworn answer and plea, confesses that he does not own a one-

half interest in and to the property, * * * and denies ownership therein," and for that reason the court rendered judgment as stated above. In doing so, the court erred. McLaughlin's denial that his interest in the property is an undivided one-half interest is not a denial of all interest; his interest may be an undivided one-fourth, or one-third, or he may have some other fractional interest less than one-half. Nor is McLaughlin's denial that the Niles Company and McLaughlin "are the owners, as tenants in common," a denial of all interest in the property, or an admission by McLaughlin that he has no interest therein. There are interests in real property other than cotenancy.

In view of the denial contained in the answer, judgment on the pleadings should not have been rendered. In *Eppich v. Blanchard,* 58 Colo. 139 (143 Pac. 1035), we said (p. 143): "No case is cited, nor do we think one can be found, holding that where material allegations of a complaint are directly and specifically put in issue by answer judgment on the pleadings should be allowed. Such a rule would be wholly arbitrary and without legal support." And in *Perrin v. Smith,* 39 Colo. 404 (89 Pac. 648), we said (p. 409): "To this answer plaintiffs filed a general denial; so that practically all of the allegations of the complaint and answer are denied. In such cases judgment cannot be rendered upon the pleadings." Where a material issue of fact is raised by the pleadings, it is error to enter judgment on the pleadings. *Richards v. Stewart,* 53 Colo. 205, 124 Pac. 740, and cases cited; *Gregersen v. Weddingfeld,* 70 Colo. 494, 202 Pac. 709.

A demurrer will be sustained more readily than will a motion for judgment on the pleadings, but even a demurrer to an answer should not be sustained where the answer contains a denial of a material allegation in the complaint. *Edward Malley Co. v. Londoner,* 41 Colo. 436, 93 Pac. 488.

2. In defense of the judgment, counsel for the

Niles Company contend that partition proceedings are of a dual nature—first, to determine and quiet title, and, second, to partition the property; and, therefore, that McLaughlin's failure to assert and specify, in his answer, an adverse interest in the property amounts to a disclaimer, and justifies the judgment for the Niles Company on the pleadings. Counsel cite decisions in actions to quiet title, to the effect that in such actions a mere general denial in the answer would not put plaintiff to the proof of his title and possession, but would be equivalent to a disclaimer; that before the defendant can question the plaintiff's title and possession, he must assert adverse title in himself and specify its nature. In the present case the reason for such a rule is absent. An action to quiet title is brought by one in possession of real property against one who claims an estate adverse to him, for the sole purpose of determining such adverse claim, estate or interest. Code, §275; *Schlageter v. Gude,* 30 Colo. 310, 70 Pac. 428. In his petition the plaintiff customarily alleges that he is the owner and in possession of the property; that the defendant claims an interest or estate therein adverse to the plaintiff, and that such claim is without any right or foundation. *Schlageter v. Gude, supra.* He prays that the defendant be required to show his title or interest, and that it be adjudged null and void as against the plaintiff. In his answer the defendant must affirmatively plead some adverse title or interest in himself and specify its nature; failing to do so, he is out of court. A general denial is equivalent to a disclaimer because it denies, among other things, that the defendant claims an interest or estate adverse to the plaintiff.

The petition in the present case does not bear any resemblance to a complaint in an action to quiet title. It does not allege that the defendant "claims" an adverse title or interest, and that such title or interest is without any right or foundation; but on the contrary, it alleges that the defendant McLaughlin *owns* an undi-

vided one-half interest in the property and *is* a cotenant with the Niles Company, the plaintiff. It does not seek to have such interest adjudged to be null and void as against the Niles Company, but on the contrary, it seeks to have McLaughlin's one-half interest set apart from the Niles Company's one-half interest and decreed to him in severalty. There is no room in such a case for the application of the principle invoked by counsel.

In Colorado the statute expressly gives to the court, in partition proceedings, power to determine all questions of conflicting or controverted titles. C. L. §5150. It is made the duty of the court to declare the rights, titles and interests of the parties. C. L. §5135. But the determination of such rights, titles and interests is merely incidental to the main purpose of the proceedings; it fixes the proportionate part of the property, or the proceeds, to which each party is entitled upon partition. The partition proceeding is not intended to perform the functions of the Code action to quiet title; its purpose and, in some respects, its procedure are different.

3. McLaughlin asked leave to file a "supplemental answer," wherein, with particularity, he alleges that this property and other property were acquired by McLaughlin and the defendant Newcomb under an agreement of joint adventure, whereby they were to share equally in the profits, and that the Niles Company is owned and controlled by Newcomb, and holds its interest in the property for the benefit of Newcomb. Probably this was intended to be an amendment rather than a supplemental answer. Code, §80; *Sylvester v. Jerome,* 19 Colo. 128, 34 Pac. 760. The court denied leave to file this so-called supplemental answer, and also refused to permit McLaughlin to amend his answer by setting up his title to the property involved in this proceeding. Presumably this was done because a judgment on the pleadings does not permit amendment of the pleadings. But for that very reason, a motion for judgment on the

pleadings should not be sustained unless it appears that the answer is such that no amendment can be made. *Lamon v. Zamp,* 81 Colo., 90, 253 Pac. 1056; *Kingsbury v. Vreeland,* 58 Colo. 212, 144 Pac. 887. This does not appear in the present case. We have said that the motion is apt to work an injustice and should be granted only with circumspection. *Lamon v. Zamp, supra.* Motions for judgment on the pleadings are not favored by the courts. 1 Bancroft Code Pleading, p. 921, §633.

The judgment is reversed, and the cause is remanded for further proceedings, with leave to McLaughlin to renew his applications to file a supplemental answer and to amend his answer.

Mr. Chief Justice Whitford, Mr. Justice Moore and Mr. Justice Burke concur.