[No. 5147.]
[No. 2742 C. A.]

## Perrin v. Smith et al.

1. **Practice in Civil Actions—Judgment on the Pleadings—When Proper.**

   A motion for judgment on the pleadings cannot be sustained, unless, under the admitted facts, the moving party is entitled to judgment without regard to what the findings might be on the facts upon which issue is joined.—P. 405.

2. **Same.**

   In an action to restrain defendants from shutting off water theretofore furnished to plaintiffs for irrigation, the answer denied all the allegations of the complaint except that one of the defendants was a corporation and that the owners of certain property had operated an artesian well and had theretofore furnished water to plaintiffs, and alleged reasons why it became necessary to change the former rates to ones now demanded of those continuing to take water. To this answer was filed a general denial. Held, that it was error to render judgment on the pleadings in favor of plaintiffs.—P. 407.

3. **Practice in Civil Actions—Pleading—Parties—Representative Capacity—Judgment Not Binding.**

   Where, in an action against a person individually to restrain the shutting off of water theretofore furnished plaintiffs through certain pipes, the answer alleges that the pipes belong to an estate, of which the defendant is administratrix, and that she is acting in the premises in her representative capacity only, a judgment cannot be rendered against the defendant personally, neither can the estate be bound by a judgment rendered against the administratrix personally.—P. 409.

*Appeal from the District Court of Arapahoe County.
Hon. Frank W. Owers, Judge.*

Action by William F. Smith and Harry S. Mc-
Dowell, Joseph J. Ziegenhagen, Fred C. Tiedemann,
John W. Elder, F. S. Perkey, W. H. Cressingham,
S. A. Doak, H. A. Whittaker, J. Seiler, E. W. Morse,
Mrs. Hammond, C. Bradford, J. L. Peabody, W. A.
Chipley, G. W. Means, H. Walters, Richard Law-
rence, R. R. Ingraham, Frank Mussared, W. R. Long,
L. D. Ritchey, Henry Stewart, Mrs. Beecher, Martin
G. Fitzgerald, J. J. Reilley, G. W. Westfall, J. D.
Campbell, M. W. Nelson, E. B. Wilkes, J. A. Hol-
burg, Mrs. D. McGinty, L. P. Moore, E. Hedquist,
E. Tiedemann, Mrs. Ferguson, Mrs. Wolfe, James
McCarrick and Mrs. C. S. Holmes, against Mary F.
Perrin and The Denver Union Water Company.
From a judgment for plaintiffs, defendant Perrin
appeals.          *Reversed and remanded.*

Mr. W. F. ROBINSON, for appellant.

Mr. B. C. HILLIARD, for appellees.

Mr. JUSTICE BAILEY delivered the opinion of
the court:

In this matter judgment was rendered for the
plaintiffs upon the pleadings, and the defendant
Perrin appeals.

In such cases this court has announced the law
to be as follows:

"Such a motion cannot be sustained, unless, un-
der the admitted facts, the moving party is entitled
to judgment, without regard to what the findings
might be on the facts upon which issue is joined; so
that, in determining the rights of the defendants to
the judgment given them, the real question to deter-
mine is the sufficiency of the admitted facts to war-
rant the judgment rendered, and the materiality of

those upon which issue is joined."—*Mills v. Hart,* 24 Colo. 507.

With this rule in mind, an examination of these pleadings show that the judgment of the trial court was wrong, for the reason that the material allegations of the complaint and of the answer are all denied.

The complaint alleges that The Denver Union Water Company is a corporation; that the suit was brought by plaintiffs on behalf of themselves and others similarly situated; that defendant and her predecessors for fifteen years maintained and operated the Perrin water plant from which defendant Mary F. Perrin and her predecessors furnished and supplied plaintiffs, for hire, with water for domestic and irrigation purposes; that plaintiffs at all times observed the rules established for the Perrin waterworks plant; that on the 15th of April, 1902, the defendant Mary F. Perrin entered into a contract with defendant, The Denver Union Water Company, wherein it was agreed that the water company was to make use of the pipes theretofore used by the proprietor of the Perrin water plant and furnish water to the plaintiffs upon payment being made by plaintiffs according to the schedule of charges fixed by the water company; that defendant Mary F. Perrin should have authority to make collection of the water rents to be paid by plaintiffs and to account to defendant company; that in pursuance of the terms of this contract, the water company caused water from its plant to be turned into the pipes formerly used by the proprietor of the Perrin water plant, and plaintiffs are now using water furnished and supplied by defendant water company through the pipes formerly used for the same purpose by defendant Mary F. Perrin; that these plaintiffs agreed to accept the water service of defendant water company

and to pay the charges in the manner and in the sum fixed by the company's schedule for yearly rates; that, notwithstanding plaintiffs' willingness and readiness to pay the water rental, the defendants threatened to shut off the supply from plaintiffs; that if the water was shut off, plaintiffs would suffer serious loss and irreparable damage. Plaintiffs asked for an injunction.

The defendants answered the complaint, and admitted that The Denver Union Water Company was a corporation, and that the owners of Block 4 of Perrin's subdivision had maintained and operated an artesian well upon Block 4 and had furnished water to certain persons, among some of whom were the plaintiffs, through pipes laid in the streets of Perrin's subdivision. Defendants denied each and every allegation in plaintiffs' complaint contained, which were not expressly admitted in the answer.

So, it will be seen, that all the allegations of the complaint are denied except the fact that The Denver Union Water Company was a corporation and that the owners of Block 4 in Perrin's subdivision furnished water to the plaintiffs. That being true, judgment could not be rendered for the plaintiffs in the absence of proof tending to support the allegations of their complaint, unless other allegations made in defendants' answer, standing by themselves, would be sufficient to warrant a judgment against defendants. This answer, in addition to the admissions and denials hereinbefore mentioned, states that said Block 4 now belongs to the estate of Wilson Perrin, deceased, and has so belonged since the summer of 1900, and that said estate is the owner of said pipes laid in said street as aforesaid; that said defendant Mary F. Perrin is the administratrix of the estate of Wilson Perrin, deceased; that after said Block 4 and pipes came into the possession of the

estate of Wilson Perrin, deceased, Mary F. Perrin, the above-named defendant, as administratrix of said estate, in the fall of 1900 increased the price that had been charged for furnishing water over fifty per cent., and advised the patrons that the estate would not furnish water longer than one year unless it appeared that the proceeds from the sale of water were sufficient to pay the expense of maintaining the pipes and pumping the water; that in January, 1902, Mary F. Perrin, as administratrix of the estate of Wilson Perrin, notified the plaintiffs that the estate would not continue to furnish water after May 1st, 1902; that about the 15th of April, 1902, Mary F. Perrin, as administratrix, having advised with several of the plaintiffs, consented to permit plaintiffs to have the perpetual use of the pipes if they would pay to said estate the sum of one thousand dollars; that Mary F. Perrin, as administratrix of the estate, made application, in the regular form used by The Denver Union Water Company, requesting said company to furnish water to said estate, to be in turn furnished by the estate to plaintiffs and such others as desired to use the same, in lieu of the artesian water theretofore furnished by said estate; that Mary F. Perrin, as such administratrix, notified the plaintiffs that the estate would continue to furnish to the plaintiffs water at the price charged by The Denver Union Water Company, and in addition ten dollars for the use of said pipes, to be paid by each of the persons who desired to use water for the six months commencing May 1st, 1902, and five dollars for each six months thereafter until the full sum of one thousand dollars should be paid to the estate, in excess of the cost of said estate maintaining the pipes; and that the pipes belonging to the estate were laid at great cost, being nearly two miles in length and costing not less than the sum of ten thousand dollars.

To this answer plaintiffs filed a general denial; so that practically all of the allegations of the complaint and answer are denied.   In such cases judgment cannot be rendered upon the pleadings.

According to the statements contained in this answer, the water pipes belonged to the estate of Wilson Perrin, deceased, and defendant Mary F. Perrin has acted only in a representative capacity.

In a case like this, judgment may not be rendered against the defendant personally where she acts only as the representative of the estate; neither could the estate be bound by any judgment rendered against the administratrix personally.

The judgment of the district court will be reversed and the cause remanded.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.