## No. 9887.

### REAGAN, ET AL. v. DANIELS, ET AL.

Decided November 7, 1921.

· Action for specific performance.   Judgment on the pleadings in favor of plaintiffs.

### Reversed.

1. JUDGMENT—*On the Pleadings.*  In considering a motion for judgment on the pleadings, the allegations of the opposite party must be taken as true, and though defective in form if they are sufficient to sustain a judgment in his favor, the motion should not be granted.

   A motion for judgment on the pleadings cannot be entertained where a material issue of fact is tendered.

2. SPECIFIC PERFORMANCE—*Clear Title.*  Specific performance of a contract for the purchase of land will not be decreed where the vendor cannot show a clear title.

3. *Defense.*  Defendant may raise the question of defective title in an action for specific performance involving a partial payment, the same as if the entire purchase price or last installment was due.  All he is bound to show, to defeat the bill, is that the title which the vendor is prepared to tender¬ him is doubtful in character.

*Error to the District Court of Logan County, Hon. L. C. Stephenson, Judge.*

Messrs. MUNSON & MUNSON, for plaintiffs in error.

Messrs. COEN & SAUTER, for defendants in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit for specific performance of a contract chiefly concerning land, which will more fully appear hereinafter.  On motion of plaintiffs, the trial court rendered judgment in their favor upon the pleadings.  The defend-

ants bring the cause here for review.

The principal question presented for our determination, and the only one necessary to be decided upon this review, is whether the court erred in sustaining the motion for judgment upon the pleadings, consisting of the plaintiffs' verified complaint and the defendants' verified answer.

The complaint alleges, among other things, as follows:

"That plaintiffs, on the 24th day of February, 1920, and at all times hereinafter, were the owners in fee simple of (here follows description of a tract of 800 acres of land in Logan County).

"That on the said 24th day of February, 1920, the plaintiffs herein entered into a certain contract, or agreement, whereby the plaintiffs agreed to sell to the defendants, and the defendants agreed to buy, the lands above described, * * * ."

The complaint then sets forth the contract by the terms of which it appears that the purchasers, the defendants, agreed to pay the sum of $40,000 for the land, together with certain personal property. Of this sum, $1,000 was to be paid "at the signing of the contract;" $7,000 "by April 1st, 1920," and $8,000 "by November 1st, 1920," on which latter date the vendors, the plaintiffs, agreed to execute and deliver "a good and sufficient warranty deed" for the land to the purchasers. The contract further provided for a mortgage from purchasers to secure the balance of the purchase price, and that the vendor agreed to deliver possession of the property to the purchasers "by April 1st, 1920."

The complaint further alleges that on April 1st, 1920, the plaintiffs demanded of and from the defendants, the second payment then alleged to be due, to-wit, the sum of $7,000, and that the defendants then and at all times since refused to make such payment.

Specific performance is prayed for, and other relief sought.

The answer of the defendants admits the contract as pleaded by plaintiffs except as to the date when the pay-

ment of $7,000 should be made, the answer alleging that "there should appear in said contract the following words: 'Parties second part to make second payment by April 10th.'" The answer further alleges, among other things, as follows:

"That the plaintiffs have failed to comply with the terms of their agreement in this, to-wit, that they failed to deliver to the defendants the possession of the said premises, and of the property contracted to be conveyed, as by their contract they agreed to do. * * *

"* * * That the plaintiffs are not the owners in fee of the land. * * * That the records of Logan County do not disclose the facts that the plaintiffs are the owners in fee of said land, but on the contrary affirmatively show that the plaintiffs are not the owners of the said land in fee simple, and have not been, at any time from the date of the said contract up to and including the present time, and have not been able, at any time since the date of making said contract, up to and including the present time, to convey the premises to these defendants in fee, as they contracted and agreed to do. * * *"

We come now to a consideration of the contention that the court erred in granting plaintiffs' motion for judgment on the pleadings.

"In passing upon a motion by one party for judgment upon the pleadings, after issue joined, all the material allegations of the opposite party must be taken as true; and if the pleadings of the opposite party, though defective in form, are nevertheless sufficient in substance to sustain a judgment in his favor, the motion should not be granted." *Rice v. Bush,* 16 Colo. 484, 488, 27 Pac. 720.

As said in the syllabus of *Richards v. Stewart,* 53 Colo. 205, 124 Pac. 740, quoted in *Wallace v. Collier,* 59 Colo. 144, 148, 147 Pac. 660: "A motion for judgment on the pleadings cannot be entertained where a material issue of fact is tendered."

The defendants' answer does tender material issues, one of which is whether the plaintiffs are the owners of the

property. That this is a material issue, and that the allegations of the answer in this respect state a good defense, is apparent from the following statement of the law, found in 25 R. C. L. 274, sec. 75:

"Specific performance of a contract for the purchase of land will not be decreed where the vendor cannot show a clear title, but merely one concerning which there is a reasonable doubt, or one which is in fact defective."

If a vendor is not entitled to specific performance when he has a defective title, for the greater reason he is not entitled to the remedy when he has no title whatever.

The defendants are entitled to raise this defense now, upon a suit involving a partial payment, just as they would be if the action concerned the entire purchase price or the last installment due. Whether the covenant on their part to make a payment of $7,000 be regarded as dependent or independent, there is no law or rule of equity that compels a purchaser to pay a substantial amount on the purchase price when it is found that the grantor does not own the property and cannot convey a merchantable title to the premises. Another statement of the rule herein referred to is found in *Smith v. Hunter,* 241 Ill. 514, 89 N. E. 686, 132 Am. St. Rep. 231, as follows:

"All the defendant is bound to show to defeat a bill for specific performance is that the title which his vendor is prepared to tender him is doubtful in its character."

The reason for the rule exists whether the vendor sues to compel the payment of an installment of the purchase price or the entire purchase price. To compel a purchaser to pay a substantial instalment, when the vendor's title is defective, is as much a hardship upon him as it is to compel him to pay the entire purchase price, since in either case it virtually compels him to complete the contract on his part and receive no title or a defective title in return. In the instant case, the answer did not merely allege that plaintiffs' title was defective, but alleged, in effect, that they had no title whatever. This amounts to alleging that the plaintiffs will never be able to convey a merchantable

title, which is a good defense on the ground of lack of mutuality of remedy, and does not run counter to the rule that plaintiff need not perfect title before decree, for that rule only applies where "the vendor is *finally able* to convey a perfect title."  See 36 Cyc. 627.

The answer also tendered an issue as to the date upon which the payment of $7,000 was to be made.  The complaint fixed such date at April 1, 1920, the answer alleged the date to be April 10, 1920.  The complaint was filed April 6, 1920.

Another issue of fact tendered by the answer is whether the plaintiffs delivered possession to the defendants of the property on April 1, 1920.

The issues tendered by the answer were material issues, requiring the taking of evidence and a trial of the cause upon its merits.  It was error to grant a motion for judgment upon the pleadings.

The judgment is reversed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.