No. 9996.

GREGERSEN, ET AL. v. WEDDINGFELD.

Decided December 5, 1921.

Action for specific performance. Judgment on the pleadings for plaintiff.

*Reversed.*

1. PLEADINGS—*Judgment on.* Where a material issue of fact is raised, it is error to grant a motion for judgment on the pleadings.

*Error to the District Court of Alamosa County, Hon. Jesse C. Wiley, Judge.*

Mr. JESSE STEPHENSON, for plaintiffs in error.

Mr. ALBERT L. MOSES, for defendant in error.

*En banc.*

·MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit for specific performance of a contract concerning land. On motion of plaintiff, he was granted a judgment on the pleadings. The defendants, who bring the cause here, assign as error the ruling of the court in this respect.

The complaint alleges that the defendants, Georg Gregersen and Dora Gregersen, are the owners of the land in question, and that the title stands of record in the name of the defendant Dora Gregersen. It is then alleged that the defendants entered into a contract whereby they agreed to lease and to convey to the plaintiff the real estate above mentioned. The prayer is that the defendants be required to convey the land.

The defendants filed separate answers. The answer of Georg Gregersen denies that he is the owner of the premises, alleges that Dora Gregersen is the owner, admits that he agreed to convey the property but states that he was not authorized so to do by the owner and that his acts in that respect were never ratified by the owner. The answer of the defendant Dora Gregersen admits a contract to lease, and denies all other allegations of the complaint with reference to a contract.

The answer of Georg Gregersen raises material issues. If he was not the owner, he cannot be compelled to execute a conveyance. If he was not authorized to sell, his prin-

cipal cannot be bound by the contract, in the absence of ratification. The answer of Dora Gregersen does not admit that the contract included terms relating to the sale and conveyance of the land. It raises the material issue as to whether the transaction between the parties included a contract to sell. Such issue is material, and it was, therefore, error to render judgment on the pleadings. *Eppich v. Blanchard,* 58 Colo. 139, 142, 143 Pac. 1035.

The judgment is reversed.

MR. CHIEF JUSTICE SCOTT not participating.