No. 13,490.

EXCHANGE NATIONAL BANK OF COLORADO SPRINGS *v.* RECEIVERS OF THE CITY SAVINGS, BUILDING AND LOAN ASSOCIATION.
(37 P. [2d] 394)

Decided October 22, 1934.

Messrs. STRICKLER & WENDELKEN, for plaintiff in error.

Mr. THOMAS C. TURNER, for defendants in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE plaintiff in error bank, as administrator de bonis non of the estate of Dr. Thomas F. Woody, deceased, filed with the receivers of the insolvent City Savings, Building and Loan Association certain claims based upon a number of so-called certificates of deposit which had been issued by the association to Dr. Woody in his lifetime. There was a hearing on the claims in the district court. It was decided that they were not claims of a creditor, entitled as such to priority over the claims of the association's members, but were merely claims of a member and so entitled only to share pro rata in any surplus which might remain for equal distribution among members after the association's creditors shall have been paid in full. This is the judgment brought here for review. The lower court, we think, was right.

The association is a building and loan association that had been operating under the building and loan association code of Colorado, C. L. 1921, chapter 44, pages 886 et seq., §§2790 et seq., as amended by chapter 72 of S. L. 1927, pages 244-246, §1. The articles of incorporation, the amendments thereof, and the by-laws adopted by the

association were all duly filed, as required by law, in the office of the county clerk and recorder of El Paso county, where the association had its office and where Dr. Woody resided.

One certificate before us, which is drawn substantially in the identical form used for all but two of the Woody certificates, is as follows:

"Certificate of Deposit         No. 7712

"The City Savings, Building and Loan Association.

"Colorado Springs, Colo., January 10th, 1928

"Dr. T. F. Woody has deposited with The City Savings, Building and Loan Association, of Colorado Springs, Colorado, Three Thousand Dollars, payable to self, on return of this Certificate properly endorsed 6, 12, 18, 24, 30 or 36 months after date hereof.

"Interest at the rate of six per cent. per annum will be paid hereon semi-annually, as per coupons hereto attached.

"Subject to call for payment by the Association on any interest payment date.

"The person named hereinabove is a member of said Association, and is the owner of one share for each One Hundred Dollars of the amount hereof.

"(Seal)

"[Signed] E. L. Terry,     [Signed] V. Eugene Blake,
        "Secretary.                Vice President."

Two of the Woody certificates, however, differ from the above. In those two the last paragraph of the certificate above quoted is changed to read: "The person named hereinabove is a member of said Association, and is the owner of one share, *if issued,* for each One Hundred Dollars of the amount hereof." (Italics are ours.)

It is contended by counsel for the Woody estate that, as to the two certificates which contain the paragraph just quoted, "the question is controlled by the doctrine of this court expressed in *Dollar Building and Loan Association v. Shields* [93 Colo. 480, 27 P. (2d) 485], since these certificates of deposit do not purport to make the

holder the owner of stock unless such stock be issued, and by the undisputed evidence no such stock was ever issued." It is further contended that, as to the remaining certificates, "the relationship must likewise be that of creditor and debtor since the defendant in error has failed to sustain the burden of showing the plaintiff in error to be a stockholder, since the relationship lacks all the elements prerequisite to membership or stockholding and the by-laws specifically negative such contention, and since the adjudicated cases, construing similar instruments, have uniformly held them to be evidences of indebtedness the same as a promissory note." (Quotations are from plaintiff in error's opening brief, page 16.)

In *Dollar B. & L. Ass'n v. Shields, supra*—thus relied upon by the plaintiff in error in connection with the two certificates—the so-called certificate of deposit then under consideration by this court did not contain either version of the last paragraph appearing in the certificates herein.

The Shields case did not deal with such a specific and unambiguous declaration of membership as is found in these certificates. No express statement of the same or a similar kind was then before us. The sentence, "The person named hereinabove is a member of said Association," has a plain meaning. We could not make those words signify something else without violating the principle that a writing cannot be altered by parol evidence, for there is nothing in the facts to justify our regarding this case as falling within any legitimate exception to the general rule.

It is indeed clear that this additional phraseology in the present certificates compels us to distinguish the two cases. As a result, neither the majority opinion nor the dissenting opinion in the Shields case can properly be taken to support the position of the plaintiff in error. According to a universal canon of interpretation, the opinion of the court must be read in the light of the par-

ticular facts there presented. When the test is so applied, any supposed analogy disappears. Moreover, we have examined the authorities cited by counsel and find none that calls for a change in our views.

██ █ It is urged that the phrase "if issued"—which we have italicized in the final paragraph as above quoted from two of the certificates—demonstrates that Dr. Woody was not a member, it being assumed that a person could not be a shareholder in a building and loan association unless the shares—or more accurately speaking, a certificate of shares—were actually issued. This, in the absence of an express mandatory provision, is not the law. One may own shares of corporate stock without possessing a certificate thereof, which after all is but evidence of owning the stock. See Sundheim, Law of Building and Loan Associations (2d Ed.), page 49, section 40, and cases there cited. Studying the nature of the transactions in the case at bar, the records of the association, and the context in which the *if*-clause is found, we have no hesitancy in deeming the clause to mean no more than that the member will automatically be the owner of any and all certificates that may be issued to him for the shares themselves. It would not be reasonable to say that, under the language used, the holder of such a certificate of deposit is suspended from the expressly stipulated membership and will continue so suspended until a certificate is actually issued for the stock which he has paid for in full and which is the very thing that constitutes him a member. Such a suspension would bring utter chaos, and could never have been intended by the lawmakers who enacted our building and loan association code.

We think that all the Woody certificates, whether with or without the *if*-clause, are substantially alike and have the same legal effect.

██ One other argument of counsel will be noticed. It is reasoned that employing the word "interest" to express the 6 per cent return stipulated in the certificates

marks the transaction as a loan to the association, as contrasted with an investment in it. This does not follow. Inasmuch as a fixed return may lawfully be agreed upon by the association under its by-laws, it is immaterial under the evidence here what the return is called. No special designation is made compulsory. On the contrary, the use of the word "interest" in connection with full paid shares was sanctioned both by the practice of the association and by its by-laws.

The trial court heard the evidence of both sides. No error is assigned on any ruling admitting or rejecting any particular part of that evidence. The trial court concluded that the evidence as a whole supported the contentions in opposition to the Woody estate. This conclusion is binding upon this court.

Judgment affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HOLLAND not participating.