## No. 13,685.

### DUNHAM *v.* ARMITAGE, ADMINISTRATOR.
(48 P. [2d] 797)

Decided July 15, 1935.  Rehearing denied September 9, 1935.

Mr. A. X. Erickson, Mr. Emory L. O'Connell, for plaintiff in error.

Mr. Dayton Denious, for defendant in error.

*En Banc.*

Mr. Justice Hilliard delivered the opinion of the court.

An action in forcible entry and detainer, by Armitage, as administrator, defendant in error, against Miss Dunham, plaintiff in error, who claimed title and right of possession pursuant to a writing at the hand of the administrator's decedent. To judgment awarding possession to the administrator, error is assigned.

While determination of right of possession on a restricted ground would suffice for the purposes of estate administration, the character and effect of the instrument on which plaintiff in error relies, ultimately to control, would remain to vex. Counsel have stressed the importance of the underlying problem, presented it ably and exhaustively, and in the interest of economy and expedition seek interpretation of the document on this review. The situation considered, we are disposed to go immediately to the major question.

The instrument, acknowledged and recorded the day of its date, if a conveyance, as claimed by plaintiff in error, operated to vest title in her; if it is testamentary, as defendant in error contends, title continued in the decedent. It reads:

"This Indenture, Made and entered into this 15th day of September, A. D. 1931, by and between Cordelia Armitage, of Denver, Colorado, party of the first part, and Jessie L. Dunham, as Trustee, of Denver, Colorado, party of the second part, witnesseth:

"That the said party of the first part, for and in consideration of the sum of Ten ($10.00) Dollars and other good and valuable consideration, does hereby set over, transfer, assign and convey, unto the said Jessie L. Dunham, as Trustee, upon the terms and conditions hereinafter set forth, the following described property, situated in the City and County of Denver, State of Colorado, to-wit: * * *

"The party of the first part shall retain possession and all rents, issues and profits therefrom during her lifetime, with full power and authority during her lifetime to lease and manage the said property, but the rents, issues and profits shall be first used for the payment of taxes levied against the said property.

"This trust is created, and this instrument signed, subject to the express right of revocation, by the party of the first part, by deed duly executed, acknowledged and recorded during her life. And it is agreed and understood, that upon the recording of a deed of revocation, each piece of property above described, this Trust Estate shall be of no further force and effect, and the above described property thereupon immediately revert to the party of the first part as if this instrument was never executed, and this instrument shall thereafter be of no force and effect whatsoever. In the event the party of the first part shall not revoke this instrument during her lifetime, upon her death said real estate shall be and become the absolute property of the party of the second part, her heirs and assigns."

It is our conclusion that the instrument is testamentary in character and noneffective. In addition to the fact that the maker reserved possession and control in all particulars, the rents, issues and profits, and the right to revoke at her pleasure, she expressly stated that "upon her death," revocation not having been exercised, the real estate was to become the property of plaintiff in error. That retention of the power of revocation and "reservation * * * postponing the vesting of title until

the death of the grantor,'' are important, see *Phillips v. Phillips,* 30 Colo. 516, 71 Pac. 363. Considering the whole instrument, we cannot think it was the intention of the maker that it was to be effective for any purpose prior to her death. For discussion of general principles and varying instances, see 11 A. L. R. 23, 90-95, 99, 101, 103; 76 A. L. R. 636, 651-653.

Let the judgment be affirmed.

MR. JUSTICE YOUNG and MR. JUSTICE HOLLAND dissent.