No. 13,898.

Estate of Roberts.
Franco et al. *v.* Gould, Administrator.
(56 P. [2d] 1322)

Decided March 30, 1936. Rehearing denied April 27, 1936.

Mr. F. E. Dickerson, Mr. Thomas J. Morrissey, Mr. Charles D. Bromley, for plaintiffs in error.

Mr. Joseph J. Walsh, Mr. Donald F. Clifford, for defendant in error.

*En Banc.*

Mr. Justice Bouck delivered the opinion of the court.

This action was brought in the Denver district court by the administrator of the estate of one Thomas Roberts to set aside a deed filed and acknowledged by Roberts, dated June 2, 1934, and purporting to convey certain real property to George Franco and Nellie Franco, who is his wife. Judgment went against the Francos, and they are now seeking a reversal.

Roberts died on June 19, 1934, aged 77 years. He was a widower and left surviving him, as sole heirs at law, six daughters. One of these is the Nellie Franco above mentioned.

The complaint alleged the above facts and further alleged that at the time in question Roberts was "sick and sore in mind and body"; that the Francos procured the deed from Roberts by fraud, duress and undue influence; that the conveyance was without consideration; that the deed was made without the knowledge or consent of Mrs. Franco's sisters and was concealed from all persons except the Francos and their attorney; that the sisters knew nothing of the deed until it was recorded on the day of their father's death.

The charge of fraud, duress and undue influence and the other material allegations in the complaint the Francos met by unqualified denials thereof, thus presenting an issue of fact. Their answer contained also a "second

defense'' setting forth the execution by them and Roberts of an agreement whereby, among other things, Roberts covenants and agrees to sell and convey the property involved to the Francos under the following terms and conditions:

"That if [the Francos] shall first make the payments and perform the covenants hereinafter mentioned on their part to be made and performed, [Roberts] covenants and agrees to convey to [the Francos] in fee simple by good and sufficient warranty deed the [property, duly described] * * * to be free and clear of all encumbrances and taxes of any kind or nature.

"And, the [Francos] covenant and agree to pay [Roberts] the sum of Two Thousand Dollars ($2,000.00) in the manner following, to-wit: the sum of Twenty Dollars ($20.00) or more per month until the said Two Thousand Dollars is paid. The said payments to be made on or before the first of each and every month.

"Provided, however, that in case of the decease of [Roberts] before the said amount hereinabove mentioned has been paid, the balance yet unpaid shall be cancelled and the warranty deed to the said property shall be delivered to the [Francos] in the same manner as though the entire indebtedness had been paid at the time of the decease of [Roberts].

"The said unpaid amounts shall carry interest at the rate of six per cent (6%) per annum from date until paid, and the [Francos] agree to pay all taxes, assessments or impositions that may be legally levied or imposed upon the said lots, including the taxes that are to become due from January 1, A. D. 1934, and in case of the failure of the [Francos] to make either the payments or perform any of the covenants on their part this contract shall be forfeited and determined at the election of [Roberts] upon his giving to the [Francos] fifteen (15) days notice of his intention so to do, and the [Francos] shall forfeit all payments made by them on this contract,

and such payments shall be retained by [Roberts] in full satisfaction and liquidation of all damages by him sustained, and shall have the right to reenter and take possession of the said premises.''

The Francos alleged complete performance on their part of the aforesaid contract.

Provision was made in the agreement for vacation of the premises by the Francos and for recovery of them by Roberts in case of the Francos' default. Simultaneously with the agreement, it was alleged, there was executed by Roberts a warranty deed, which is the deed sought to be cancelled herein. This deed was placed by Roberts in the hands of George O. Bakke, Esq., an attorney in good standing, who had prepared the deed and the agreement. Bakke, evidently proceeding in attempted compliance with the terms of the contract, delivered the deed to the Francos when Roberts died.

The sisters of Mrs. Franco are not parties to the action and do not seem to be complaining of those transactions.

Without pleading to the ''second defense,'' and notwithstanding the existence of the issue of fact raised by the denials in the answer as above stated, the plaintiff interposed a motion for judgment on the pleadings, which the trial court sustained, entering judgment against the Francos and ordering cancellation of the deed. This was error.

A motion for judgment on the pleadings is never proper when there remains any issue of fact which has not been tried. See: *Perrin v. Smith,* 39 Colo. 404, 89 Pac. 648; *Hoover v. Horn,* 45 Colo. 288, 101 Pac. 55; *J. D. Best & Co. v. Wolf Co.,* 67 Colo. 42, 185 Pac. 371; *Reagan v. Daniels,* 70 Colo. 373, 201 Pac. 889; *Gregersen v. Weddingfeld,* 70 Colo. 494, 202 Pac. 709; *Hastings v. First National Bank of Longmont,* 4 Colo. App. 419, 36 Pac. 618; *Miller v. Houston,* 27 Colo. App. 89, 146 Pac. 786.

Because of this error the judgment must be reversed

and the case remanded with directions to deny the motion, but with leave to the administrator to plead over.

Counsel for the administrator insist that the deed in question is a mere testamentary instrument and, not being executed with the formalities prescribed for a will, is invalid. They cite, in support of their contention, *Dunham v. Armitage,* 97 Colo. 216, 48 P. (2d) 797. The situations involved in the two cases are different and we are not impressed by the supposed analogy. However, as the case is being sent back for further proceedings, and the issues are not yet made up, we express no opinion on this point at the present time. To do so would be to treat the motion for judgment on the pleadings as equivalent to a general demurrer. See *Eppich v. Blanchard,* 58 Colo. 139, 143 Pac. 1035. That would be contrary to good practice and, besides, would be an invasion of the field properly belonging to the trial court.

Judgment reversed with directions.