No. 13,551.

Silver State Building and Loan Association *v.* Austin ET AL.

(61 P. [2d] 582)

Decided October 5, 1936.

Messrs. TWITCHELL, CLARK & BURKHARDT, for plaintiff in error.

Mr. ROBERT R. ROSE, Messrs. WINTERS & NAGEL, for defendants in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE defendants in error, Mr. and Mrs. Austin, as plaintiffs in the district court, sued the plaintiff in error the Silver State Building & Loan Association on a written instrument. They moved for judgment on the pleadings and a judgment was thereupon entered in their favor. That judgment is before us for review.

1. At the outset we are confronted by a question arising on a motion to strike out certain portions of the association's answer.

It has been consistently contended by the association, both in the district court and here, that the Austins are members of the association and not creditors of it; that the statutes regulating building and loan associations are an integral part of the contract between the association and the Austins; and that the by-laws adopted by the association are likewise to be read into it. On this theory the association's answer alleged pertinent facts relative to those statutes and set forth a by-law which governs total and partial withdrawals of its members, and the time, manner and limitation of payments to them in connection therewith. The answer also pleaded verbatim the plaintiffs' notice of withdrawal, duly signed by both Mr. and Mrs. Austin, who therein describe themselves as shareholders. The notice asks that payments be made to them ''in accordance with the statutes of the state of

Colorado, the by-laws of this association, and the instructions of the department of building and loan associations," which instructions were quoted in full as a part of the notice.

The district court, on motion of the plaintiffs, ordered these allegations to be stricken. In this it committed reversible error. The association had the right to plead those matters as a defense to what purported, in the amended complaint, to be an action of creditors to collect a loan, in direct contrast with the position of the association, which claims them as members. Owing to the radical differences in the respective facts, the case of *Dollar B. & L. Ass'n v. Shields,* 93 Colo. 480, 27 P. (2d) 485, relied upon by the plaintiffs, is not decisive of the case at bar. Compare *Exchange Bank v. Receivers,* 95 Colo. 498, 37 P. (2d) 394.

■ 2. As regards the motion for judgment on the pleadings, this was interposed after the association had filed its answer. No replication was filed by the plaintiffs. We must therefore determine whether, in the light of the allegations of the amended complaint and of the answer, the motion was or was not properly sustained.

A motion for judgment on the pleadings is, of course, improperly sustained if the pleadings against which it is directed present, as here, an issue of fact. *Wallace v. Collier,* 59 Colo. 144, 147 Pac. 660; *Reagan v. Daniels,* 70 Colo. 373, 201 Pac. 889; *Gregersen v. Weddingfeld,* 70 Colo. 494, 202 Pac. 709; *Williams v. Smith,* 76 Colo. 151, 230 Pac. 395; *Stuart v. Colo. Eastern R. Co.,* 61 Colo. 58, 156 Pac. 152. The motion cannot be made to serve as a demurrer. *Eppich v. Blanchard,* 58 Colo. 139, 143 Pac. 1035; *Childers v. Baird,* 59 Colo. 382, 148 Pac. 854; *Jones v. Ceres Inv. Co.,* 60 Colo. 562, 154 Pac. 745; *Miller v. Houston,* 27 Colo. App. 89, 146 Pac. 786. For the purposes of the motion the moving party is deemed to admit the falsity of such allegations of his own as are denied. *Miller v. Houston, supra.* Moreover, all well-pleaded facts in the answer, not having been denied, must, under

our code, be taken to be true. Applying these well-recognized rules we find that the judgment would be erroneous even though the stricken portions of the answer had been properly eliminated, which they were not.

By virtue of the aforesaid rules the unstricken part of the · pleadings, fairly interpreted, sets forth the following facts, which, for all the purposes of the motion for judgment on the pleadings, must be taken as true:

The defendant is a building and loan association duly organized and operating under the laws of Colorado. On or about January 7, 1931, the plaintiffs filed with the association their application as follows:

"C-1869      1      (Dr.) Matthias D. Austin      -50-
Number      2      (Mrs.) Gertrude Austin      Share
\*      \*      \*

"I hereby subscribe for a 5-year, 6½% Class 'C' Time Certificate, in The Silver State Building and Loan Association, 1644 Welton Street, Denver, Colorado, as shown below. I am to receive full 6½% interest on the amount invested for a definite 5-year period. At any time after 6 months from date of issuance, I may, by giving 30 days' notice, cash this certificate at face. Interest will be re-adjusted to 4% from date if certificate is cashed within 2 years from date of issuance, and at 5% from date if cashed after 2 years and before final due date.

1   Dr. Mathias D. Austin
2   Mrs. Gertrude Austin

Address
1   514 So. Beach St.

                    Address
                    2   Casper, Wyoming

Date January 7, 1931

Amount   $5000.00
Interest Payable: Quarterly, Quarterly or
Semi-Annually.

(Certificates for under $500.00 will be paid interest semi-annually only.)

Payments to be made by check or draft only, payable to the Association."

Thereupon the association issued to the plaintiffs the following instrument which on its face speaks in terms of the building and loan association system, as does the application itself:

"United States of America

Silver State B. & L. Ass'n.                     $5000 & 00 cts
No. C-1869                                         $5000.00

The Silver State Building and Loan Association.
Members Colorado State Bankers Association, Colorado State League of Building, Loan and Savings Associations.
Under State Supervision.
Denver, Colorado.

"This certifies that in consideration of the payment of five thousand and no/100 - - - dollars ($5,000.00) the receipt of which is hereby acknowledged, the Silver State Building and Loan Association has issued this fifty share fully paid and non-assessable, time certificate to Matthias D. Austin or Gertrude Austin, Casper, Wyoming * * *

"This certificate entitles the holder thereof to interest on its face value (the face value equals the amount paid as above) at the rate of six and one-half per cent per annum, payable at the office of the Association.

"Interest payments are represented by coupons hereto attached. Interest coupons not paid before withdrawal, cancellation, or assignment, must be delivered with certificate upon withdrawal, cancellation, or assignment.

"The legal holder of this Certificate, after five years from the date hereof, may withdraw the same, upon giving thirty days' written notice to the Home Office and shall receive the amount paid thereon together with all earnings due and payable; Provided, no interest shall be

allowed on coupons that have not run the full time as specified on the face of each coupon.

"Six months after date, the owner may, by giving 30 days' written notice, cash this Certificate at face—with interest from date adjusted to 4% if cashed within 2 Years, and 5% if cashed after 2 years and before 5 years.

"This certificate is transferable only on the books of the Association in person or by duly authorized attorney on surrender of this certificate properly endorsed.

"In witness whereof, The Silver State Building and Loan Association, of Denver, Colorado, has caused this certificate to be signed by its President and attested by its Secretary and its corporate seal affixed hereunto at Denver, Colorado, this seventh day of January, 1931.
(Seal)                                        O. A. King, President.
Attest: V. J. Dunton, Secretary.''

The portions improperly stricken from the answer, as above shown, strengthened the allegations permitted to remain therein. They clearly tend to support these allegations. But, whether the stricken portions be considered as properly in the answer or not, the answer tendered issues of fact which, if uncontradicted, call for a judgment in favor of the association or else—if the allegations of the answer are properly confessed and avoided or are denied—for a trial on the merits. Those issues cannot be summarily wiped out by a judgment on the pleadings without violating the wholesome rules to which we have referred.

For the reasons stated the judgment must be reversed and the case remanded to the district court with directions to vacate the judgment heretofore entered, to set aside the order striking portions of the association's answer, to overrule the plaintiff's motion to strike, and to permit the parties to file further pleadings as they may be advised, in order that the case may proceed, in harmony with this opinion, to a complete framing of the issues and a trial thereof on the merits.

Our former opinion is hereby withdrawn.
Judgment reversed with directions.

MR. JUSTICE BUTLER and MR. JUSTICE HOLLAND dissent.