No. 15,155.

Neuhaus et al. *v.* Colorado Herald Publishing
Company.
(149 P. [2d] 656)

Decided May 8, 1944.   Rehearing denied June 5, 1944.

Mr. George P. Winters, Mr. Fritz A. Nagel, for plaintiffs in error.

Mr. L. F. Butler, Mr. E. V. Holland, Mr. Golder H. Russell, of counsel, for defendant in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

This is a review of a judgment given plaintiff, defendant in error, on its motion for judgment on the pleadings. Although other points are designated, we have only examined as to the contention that the material allegations of the complaint were denied by answer, hence, as said, the action of the court was not in order.

It appears that July 15, 1940, plaintiff executed and delivered to defendant Neuhaus, a plaintiff in error, its instrument in writing, wherein and whereby, "for value received," as alleged in its first cause of action, it promised to pay to said Neuhaus "the principal sum of forty-one thousand ($41,000.00) dollars, together with interest thereon at the rate of eight per cent per annum, from August 1st, 1940, payable monthly. Principal and interest payable in monthly installments as follows: Nine hundred twenty-five ($925) dollars on September 1st, 1940, and nine hundred twenty-five ($925) dollars on the first day of each month thereafter, until principal and interest are fully paid. Said monthly payments of nine hundred twenty-five ($925) dollars each, when paid, shall be applied first to the payment of interest and second to the payment of principal." "This note," as denominated on its face, was secured by a deed of trust on certain real property, and by a chattel mortgage on personal property. A further allegation was to the effect that the note so given was for an existing indebtedness, which, instead of being in the sum set forth in the note, was only in the sum of $33,183.10, and, based thereon, there was a prayer for appropriate reformation. Answering, Neuhaus and the other defendant, also a plaintiff in error, and holder of the note, denied that at the time of the execution of the note, plaintiff was indebted to defendant Neuhaus only in the sum alleged by it, and, contrariwise, alleged that said indebtedness was in the sum set forth in the note, that is to say, forty-one thousand dollars.

In a second cause of action, plaintiff alleged, that as the result of error as to amount of its indebtedness to defendant Neuhaus at an earlier time, it had paid interest on an excessive sum in a considerable amount, for which it prayed judgment. Defendants answered in denial and otherwise so answered that challenge of fact allegations clearly appeared.

    Our study convinces, that, as to neither cause

of action may it be said material issues of fact are wanting. It follows that plaintiff's motion for judgment on the pleadings should not have been granted. *Wyatt v. Burnett,* 95 Colo. 414, 36 P. (2d) 768; *Reagan v. Daniels,* 70 Colo. 373, 201 Pac. 889; *Richards v. Stewart,* 53 Colo. 205, 124 Pac. 740. Generally, as we are persuaded, the record presents a problem to be resolved on findings made pursuant to evidence duly presented, the law then to be declared in usual course.

Let the judgment be reversed.

. MR. CHIEF JUSTICE YOUNG and MR. JUSTICE JACKSON concur.