No. 15,746.

COLORADO HERALD PUBLISHING COMPANY *v.* NEUHAUS ET AL.
(184 P. [2d] 1011)

Decided September 15, 1947.   Rehearing denied October 6, 1947.

Mr. L. F. Butler, Mr. E. V. Holland, for plaintiff in error.

Mr. Fritz A. Nagel, for defendants in error.

Mr. Justice Alter delivered the opinion of the court.

The Colorado Herald Publishing Company, a Colorado corporation, plaintiff below and plaintiff in error here, brought an action in the district court against Victor Neuhaus and the American National Bank of Denver, a national banking corporation, defendants below and defendants in error here, to obtain a decree determining its rights and liabilities arising out of a promissory note. The cause was tried upon a stipulation of facts before the court without the intervention of a jury. Judgment was entered in favor of defendants and against plaintiff, to review which the writ of error was issued herein.

The parties stipulated that:

1. On July 15, 1940, plaintiff, for a valuable consideration, executed and delivered to defendant Neuhaus its promissory note, the parts of which material and pertinent to this litigation are:

"$41,000.00

Denver, Colorado, July 15th, 1940

"For value received, we promise to pay to the order

of Victor Neuhaus, at the Banking House of The American National Bank of Denver, Seventeenth and Lawrence Streets, Denver, Colorado, *the principal sum of Forty-one thousand ($41,000.00) Dollars, together with interest thereon* at the rate of eight per cent. per annum, from August 1st, 1940 payable monthly. *Principal and interest* payable in *monthly installments as follows:* Nine hundred twenty-five ($925) Dollars on September 1st, 1940, and Nine Hundred Twenty-five ($925)·Dollars on the first day of each month thereafter, until *principal and interest are fully paid.* Said monthly payments of Nine hundred twenty-five ($925) Dollars each, when paid, shall be *applied first to the payment of interest* and second to the payment of principal.

"Failure to pay any monthly installment when due, shall cause the entire portion of *said principal sum unpaid,* together with *all accrued interest,* to become immediately due and payable at the option of the holder of this note.

\* \* \*

"It is mutually agreed, however, that if the maker of this note shall promptly and punctually pay when due, without default, each monthly installment of this note and shall likewise promptly and punctually perform without default, each and every term, covenant and condition of said trust deed and of said chattel mortgage securing the same, that then and in that event when Thirty-three thousand one hundred eighty-three and 10/100 ($33,183.10) Dollars has been paid *on the principal of this note,* then this note shall be considered as paid in full and the *balance of principal* in the amount of Seven thousand eight hundred sixteen and 90/100 ($7816.90) Dollars *shall be forgiven.* But should any default whatever occur at any time, then the provisions of this paragraph shall immediately become absolutely null and void." (Italics ours)

2. Contemporaneously with the execution and delivery of said promissory note, the parties hereto en-

tered into an agreement, the pertinent parts of which are as follows:

"This agreement made and entered into in triplicate this 15th day of July A. D. 1940, at Denver, Colorado, between The Colorado Herald Publishing Company, first party, Victor Neuhaus, second party and The American National Bank of Denver, as third party,

*Witnesseth that:*

"Whereas, the first party has this day *borrowed the sum of Forty-one thousand ($41,000) Dollars* from the second party, as evidenced by *its promissory note in that amount* and secured by a trust deed to the Public Trustee and by chattel mortgage to the second party, all of even date, and,

"Whereas, it was agreed between the parties hereto that this agreement should be executed as part of the consideration of said loan and to further secure the same.

"Therefore, in consideration of the premises and the mutual agreements herein contained, it is mutually covenanted and agreed as follows:

"1. In as much as the first party requested the second party to borrow of the third party the sum of Seventeen Thousand ($17,000) Dollars in order to enable the second party to loan to the first party *said full sum of Forty-one thousand ($41,000) Dollars,* and in as much as it was and is necessary for the second party to give his note to the third party in the sum of Seventeen thousand ($17,000) Dollars to evidence said loan and in order to secure the payment thereof, to pledge, endorse and assign *said note* of the first party for Forty-one thousand ($41,000) Dollars to the third party as collateral security, all of which has been done with the knowledge and at the request of the first party; therefore the first party doth hereby consent *that said note* of the first party *in the sum of Forty-one Thousand ($41,000) Dollars,* shall be endorsed, assigned and pledged to the third party as collateral security as afore-

said, and the first party doth covenant and agree that it does not now have and so long as *said note for Forty-one thousand ($41,000) Dollars* is not fully paid, will not claim or assert any equity, set off or counterclaim against the second or third party on *said note for Forty-one thousand ($41,000) Dollars,* and the first party doth hereby admit and confess that it is now justly indebted to the second party *in the full sum of Forty-one thousand ($41,000) Dollars without deduction, off-set or counterclaim;* that if and when *said note of Forty-one thousand ($41,000) Dollars* is endorsed and assigned to the third party, that the third party will then be the owner and holder of said note *in due course for value, and free of all equity.*

* * *

"That the third party herein either in its own right or as agent for the owner and holder of *said note for Forty-one thousand ($41,000) Dollars*, shall at all times have the right and authority to inspect all books, records and accounts of the first party; that the first party will on or before the 15th day of each month, so long as *said note for Forty-one thousand ($41,000) Dollars* is not fully paid, make and deliver a true, full, accurate and detailed account and report to the third party of the receipts and expenditures of the first party for the preceding calendar month, * * *

"The first party doth further covenant and agree with the second party and the third party, that until *said indebtedness of Forty-one thousand ($41,000) Dollars, both principal and interest is fully paid according to the terms of the said note,* that it will conduct its affairs in a businesslike manner and according to sound and conservative financial practice; * * *" (Italics ours)

3. The American National Bank became the holder of the note in due course for value.

4. Plaintiff promptly paid $925 each month, and if, under the terms of the note, interest is properly payable on the principal of $33,183.10 or the balances thereof,

plaintiff has fully paid, satisfied and discharged its obligation under the note.

5. Defendants have applied the monthly payments of $925 as follows:

(a) To the payment of interest at the rate of eight per cent per annum on the amount of $41,000 or balances thereof.

(b) To the reduction of the said amount of $41,000 or balance thereof.

Under the terms of the note, if interest is properly chargeable on the principal of $41,000 or balances thereof, there is still due the defendants $2,638.43.

6. The only issue involved herein is the construction of the note so as to determine whether interest should be computed on $41,000 or $33,183.10.

7. The sum of $2,638.43, which is the amount involved here, has been deposited in escrow with The Central Savings Bank and Trust Company with instructions that should the court find that interest was payable on the sum of $33,183.10, or the balances thereof, and enter its decree accordingly, plaintiff will be entitled to the return of the deposited amount and judgment should be intered in its favor for costs. However, if the court should determine that interest was payable on the sum of $41,000 or the balances thereof, then the sum deposited in escrow should be delivered to defendants and judgment entered in their favor against plaintiff for court costs.

The stipulation herein obviated the error which caused a reversal of the judgment in *Neuhaus v. Colorado Herald Publishing Co.*, 112 Colo. 371, 149 P. (2d) 656, wherein it was determined that there were material issues of fact presented and therefore judgment on the pleadings could not properly be entered.

It is plaintiff's contention that it never was indebted in the sum of $41,000, but only $33,183.10, and the $7,816.90 mentioned in the last paragraph of the note being a discount, no interest was chargeable there-

on. It is difficult for us to follow plaintiff's reasoning in view of the fact that the promissory note definitely and in unmistakable terms fixes the principal at $41,000 and provides for the payment of $41,000 together with interest thereon at the rate of eight per cent per annum, payable monthly. The first paragraph in the note is a definite and unequivocal promise to pay "the principal sum of Forty-one thousand ($41,000.00) Dollars, together with interest thereon" with a provision that monthly installments of $925 are to be paid, which installments are expressly made applicable first to the payment of interest and second to the payment of principal. There then follows a provision that if the payment of monthly installments is not made as in the promissory note provided then "the entire portion of said principal sum unpaid, together with all accrued interest," is to become immediately due and payable. Thus far, the provisions of the promissory note are those ordinarily and usually contained in such notes; no ambiguity is found therein, and no occasion arises for construction. But here there is a condition attached to the promissory note providing that if the payments are promptly made and no default by the maker occurs, then "when Thirty-three thousand one hundred eighty-three and 10/100 ($33,183.10) Dollars has been paid on the principal of this note, then this note shall be considered as paid in full *and the balance of principal* in the amount of Seven thousand eight hundred sixteen and 90/100 ($7816.90) Dollars shall be forgiven." (Italics ours.) Plaintiff's contention that the principal of the promissory note is but $33,183.10 is based upon a false premise, and any conclusion founded thereon is necessarily erroneous.

It should be noted that in the last paragraph of the promissory note it is provided that the balance of the principal in the amount of $7,816.90 shall be forgiven in event $33,183.10 is paid on the principal of the note in monthly installments of $925 each, and these installments promptly paid on the first day of each month be-

ginning September 1 and continuing on the first day of each month thereafter. We are unable to find any legal definition of the word "forgiven" as here used, but we construe the word as synonymous with "cancelled," "discharged" or "fully satisfied."

Whether the note here in question was negotiable or merely assignable is of no importance in the consideration of the questions here presented. Under the stipulation the note is admittedly negotiable, for the parties therein agree that the defendant bank is the owner and holder of said note in due course for value, and free from all equities.

Counsel have failed to call our attention to any decisions or other authority helpful in the determination of the single question here presented, and our search for such has been fruitless.

We are convinced that a proper construction of the note and stipulation obliges us to hold that the indebtedness evidenced by the promissory note was $41,-000, upon which sum interest was chargeable, and when the monthly installments had been paid so as to reduce the principal of the promissory note by $33,183.10, then the balance of the principal was to be forgiven. To hold otherwise would necessitate a strained and unreasonable construction of the conditions of the note and the stipulation and oblige us to substitute and interpolate provisions contrary to accepted judicial practices and procedure.

The judgment accordingly is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HILLIARD concur.